HOLLOWAY v MARTIN OIL SERVICE, INC.

1. NEGLIGENCE—ELEMENTS OF ACTION.

The threshold element in a negligence case is that there must be a duty, or obligation, recognized by the law, requiring the actor to conform to a certain standard of conduct for the protection of others against unreasonable risks.

2. NEGLIGENCE—DUTY OF CARE—QUESTION OF LAW—QUESTION OF FACT.

The existence of a duty of one person to another is ordinarily a question of law in a negligence case; however, where there are factual circumstances which would give rise to a duty, the existence of those facts must be determined by a jury.

3. NEGLIGENCE—DUTY OF CARE—INJURED PERSONS—FORESEEABLE CONSEQUENCES.

The answer to the question of whether a defendant owes plaintiff a duty, in a negligence case, lies in large measure in determining whether the defendant could have foreseen that plaintiff would be injured by his actions.

4. NEGLIGENCE—GAS STATIONS—ARSON—INJURED PERSONS—FORESEEABLE CONSEQUENCES.

An oil service company and its station attendant should not be held liable for injuries stemming from an arson committed by persons who used a container of gasoline purchased at a company owned station to start a fire where the station attendant had no notice of the intention of those persons, the injured plaintiffs were not foreseeable to the defendants as a matter of law, and therefore, no duty was owed to the plaintiffs as a matter of law and for that reason defendants could not be negligent.

REFERENCES FOR POINTS IN HEADNOTES
[1] 57 Am Jur 2d, Negligence § 32 et seq.
[2] 57 Am Jur 2d, Negligence § 33 et seq.
[3–5] 57 Am Jur 2d, Negligence §§ 57, 58.
Foreseeability as an element of negligence and proximate cause. 100 ALR2d 942 (Comment note).

5. Negligence—Foreseeability Doctrine—Gas Stations—Arson—
   Gas Containers—Gas Sales—Curtailment of Gas Sales.

> The foreseeability doctrine should not be extended to make
> service stations responsible for arsons committed by persons
> using their gasoline where they have no notice of the intentions
> of those persons because a finding of negligence under such
> circumstances is not a desired result for the reason that it
> would curtail or eliminate the practice of selling gasoline in
> containers for use in emergencies and for other proper uses.

Appeal from Wayne, Richard D. Dunn, J. Submitted October 11, 1977, at Detroit. (Docket No. 31198.) Decided November 8, 1977. Leave to appeal applied for.

Complaint by Wilma Holloway, individually and as administratrix of the estate of William Holloway, deceased, and Doris Holloway against Martin Oil Service, Inc., Arthur Csokasy and others for damages for injuries sustained in a fire. Judgment for defendants Martin Oil Service and Csokasy. Plaintiff appeals. Affirmed.

*Goodman, Eden, Millender & Bedrosian* (by *William H. Goodman* and *James A. Tuck*), for plaintiff.

*Vandeveer, Garzia, Kerr & Heaphy, P. C.,* for defendant.

Before: D. E. Holbrook, P. J., and N. J. Kaufman and J. E. McDonald,* JJ.

N. J. Kaufman, J. Defendants Martin Oil Service and Arthur Csokasy[1] secured a directed verdict of no cause of action on plaintiffs' claim of negligence. Plaintiffs appeal as of right. As there

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] The other defendants originally involved in the lawsuit settled with plaintiffs during trial.

was no dispute as to the facts of the case, plaintiffs filed a stipulation as to the record on appeal. (Appendix A.)

The incident that brought about this lawsuit occurred during the early morning hours of January 12, 1969. At about 1 a.m., defendant Csokasy was working in his Martin Oil service station at the intersection of Joy and Dexter in Detroit when a group of young men drove into the station. Three of the group entered the office of the station and one of the young men told Csokasy that his car had run out of gas down the street.

Csokasy initially refused to give the group any gas because they did not produce the required red can. He also noticed that the person who asked for gas was "hipped up, dancing around". One of the group later admitted that they were all intoxicated.[2] The person who originally requested the gas persisted, however, and pointed out a blue oil can. Defendant Csokasy continued to refuse service until the person "started putting his hand in his pocket" and asked "are you going to put gas in there?" Thereupon, Csokasy put one or two gallons of gas in the can and was given a six-dollar ring for security.

About 20 minutes later, the young men set fire to the Soul Expression dance hall a short distance from the station. The men had been denied admission to the hall before their trip to defendant Csokasy's gas station. Plaintiffs were injured in the fire.

Substantively, the only question before this Court on appeal is whether defendants owed a duty to plaintiffs, or phrased differently, were the

---

[2] That precise admission came from a deposition not part of the settled record. However, substantially the same impression may be garnered from defendant Csokasy's deposition which is part of the settled record.

injured parties foreseeable[3] plaintiffs on the facts of this case. A prominent commentator has noted that the Restatement of Torts holds "that there is no duty, and hence no negligence, and so never any liability, to the unforeseeable plaintiff". Prosser, Torts (4th ed), p 255. Procedurally, it is necessary to decide whether the trial court could grant a directed verdict to defendants if it found no duty owed, or whether that issue (as well as the issues of proximate cause and foreseeability of the harm) had to be submitted to the jury.

The threshold element in a negligence case is that there must exist:

"1. A duty, or obligation, recognized by the law, requiring the actor to conform to a certain standard of conduct, for the protection of others against unreasonable risks." (Footnote omitted.) Prosser, *supra,* p 143.

Thus, unless defendants owed a duty to plaintiffs in this case, the negligence analysis can proceed no further. In *Moning v Alfono,* 400 Mich 425, 439; 254 NW2d 759 (1977), the Supreme Court noted, "In the *Palsgraf [v Long Island R Co,* 248 NY 889; 162 NE 99; 59 ALR 1253 (1928)] case, the New York Court of Appeals * * * concluded that no duty is owed to an unforeseeable plaintiff". (Footnote omitted.) A preliminary question that must be answered before exploring the issue of duty is who decides whether a duty exists? Michigan cases have rather consistently held that the issue of duty is for the trial court to decide as a matter of law.

For example, the Supreme Court noted in *Bonin*

---

[3] *Black's Law Dictionary,* 4th ed, p 777 defines "Foreseeability" as "the ability to see or know in advance, hence, the reasonable anticipation that harm or injury is a likely result of acts or omissions".

*v Gralewicz,* 378 Mich 521, 527, fn; 146 NW2d 647 (1966):

> "Prosser puts the matter this way:
> " 'The determination of any question of duty—that is, whether the defendant stands in such a relation to the plaintiff that the law will impose upon him any obligation of reasonable conduct for the benefit of the plaintiff [is for the court]. This issue is one of law, and is never for the jury. * * * '
> * * *
> "Prosser, Torts (3d ed), § 52 * * * ."

See also *Farwell v Keaton,* 396 Mich 281, 286; 240 NW2d 217 (1976), concluding: "The existence of a duty is ordinarily a question of law", and *Moning v Alfono, supra,* at 436–437, noting that "we all agree that the duty question is solely for the court to decide".

The stricture that "the issue of duty is a matter of law" is not without its modifications, however. The Supreme Court has just as consistently held that the existence of facts which give rise to a duty is for the jury to decide. In *Farwell, supra,* at 286–287, the Supreme Court explained:

> "The existence of a duty is ordinarily a question of law. However, there are factual circumstances which give rise to a duty. The existence of those facts must be determined by a jury. In *Bonin v Gralewicz,* 378 Mich 421, 526–527; 146 NW2d 647 (1966), this Court reversed a directed verdict of no cause of action where the trial court had determined as a matter of law that the proofs were insufficient to establish a duty of care:
> " 'Usually, in negligence cases, whether a duty is owed by the defendant to the plaintiff does not require resolution of fact issues. However, in some cases, as in this one, fact issues arise. When they do, they must be submitted to the jury, our traditional finders of fact, for ultimate resolution, and they must be accompanied by

an appropriate conditional instruction regarding defendant's duty, conditioned upon the jury's resolution of the fact dispute.'

"This same rule was stated more recently in *Davis v Thornton,* 384 Mich 138, 142; 180 NW2d 11 (1970). 'The trial judge in this case determined the defendant owed the plaintiff no duty. We believe this conclusion could properly be made only by a jury.' " (Footnote omitted.)[4]

As in this case there were no disputed issues of fact, there was no need to submit any portion of the duty issue to the jury. Therefore, if the trial court was not in error in its disposition of the substantive issue, it was not in error in granting the directed verdicts of no cause of action.

We turn then, to the question of whether defendants owed plaintiffs a duty. The viewpoint has already been expressed that the answer to that question lies, in large measure, in determining whether defendants could have foreseen that these plaintiffs would be injured by their actions. On the facts of this case, we find that the plaintiffs were not foreseeable and therefore affirm the trial court's grant of directed verdicts of no cause of action.

Assuming the truth of the young men's story—that their car had run out of gas—we hold that it should have been foreseen by defendants that giving a group of intoxicated individuals the means to propel a dangerous instrumentality (a motor vehicle) is likely to result in personal injury and/or property damage as a result of the use of the instrumentality. In other words, defendant

---

[4] The imprecision of the *Davis* language is due in large measure to a tendency of some courts toward incautious generalization which "obscures the separate issues in a negligence case (duty, proximate cause and general and specific standard of care) * * * [by] combin[ing] and stat(ing) them together in terms of whether there is a duty to refrain from particular conduct." *Moning v Alfono, supra* at 432–433.

would owe a duty to people injured by the *vehicle* (either in other automobiles or in a pedestrian capacity) and property damage caused by the *vehicle.* Here, however, the vehicle did not cause the injury. To hold that defendants are liable for injuries stemming from an arson, on these facts— where there is no testimony to indicate that defendants should have been aware that an arson was planned—would effectively end the practice of selling gasoline in containers, for use in emergencies and for other proper uses. There is nothing to suggest that nonintoxicated persons are less likely to commit arson than intoxicated persons. Thus, if we are to hold service stations responsible for arsons committed by persons using their gasoline, even if they have no notice of the intention of those persons, then for every person who asks for gasoline in a container, the service station will have to weigh the risk of liability without sufficient knowledge to make an intelligent decision. To be safe, then, service of that sort will be curtailed, if not eliminated outright. We do not find such an extension of the foreseeability doctrine to be a desired result on these facts and we cannot so hold as a matter of law.

In the other cases previously cited, where a duty was found, thus prompting the consideration of the other elements which comprise a negligence action, there were sufficient facts to indicate that plaintiffs were foreseeable.

In *Bonin, supra,* defendant was aware that his grandchildren were being dressed for the outside. Therefore, defendant could have foreseen those children as potential plaintiffs if he neglected to exercise due care. A duty of care to those potential plaintiffs was owed.

In *Davis, supra,* defendant was aware of the type

of neighborhood his vehicle was left in. So by leaving his keys in the car and the doors unlocked, it was foreseeable that the car would be used for "joyriding" and that a person could be injured by the vehicle while it was being joyridden. A duty of care to that group of potential plaintiffs was owed.

In *Farwell, supra,* defendant was aware that the plaintiff's decedent was badly injured at the time defendant found him. It was certainly foreseeable to defendant that if he did not exercise due care in obtaining prompt medical assistance, that further injury would befall plaintiff's decedent. Clearly, a duty of care to that potential plaintiff was owed.

Finally, in *Moning, supra,* defendant was aware of the dangerous propensities of slingshots and was aware that he was selling to a minor who could not be trusted to use the same standard of care as would an adult. Thus, it was foreseeable that a mishandled slingshot could cause direct injury to a person. When combined with the fact that children usually play with other children, it is clear that a duty of care was owed by defendant to *at least* that class of potential plaintiffs (the playmates of purchasers of the slingshots).

The factual situation in this case differs from the cases cited above. Thus we repeat, the plaintiffs in this case were not foreseeable to defendants as a matter of law; therefore, no duty attached—as a matter of law. As no duty was owed to plaintiffs by defendants, defendants' conduct could not be negligent. Therefore, we affirm the trial court.

Affirmed.

APPENDIX A
"STIPULATION AS TO RECORD ON APPEAL

IT IS HEREBY STIPULATED  * * *  that the [factual] record on appeal shall constitute the following pleadings:

\* \* \*

"Deposition of Arthur Csokasy dated 5/26/72
"Deposition of Ronald Robinson dated 6/9/76
"Transcript of Judge Richard D. Dunn's Opinion".