McNEAL v HENRY

1. JUDGMENT—SUMMARY JUDGMENT—PLEADING—FAILURE TO STATE CLAIM—COURT RULES.

A motion for summary judgment for failure to state a claim upon which relief can be granted requires the court to accept as true all factual allegations well pleaded by the plaintiff (GCR 1963, 117.2[1]).

2. NEGLIGENCE—WRONGFUL DEATH—SUMMARY JUDGMENT—DUTY OF CARE—BUSINESS INVITEES—QUESTION OF LAW—ASSAILANT'S UNFORESEEABLE BEHAVIOR.

Summary judgment in a wrongful death action for failure to state a cause of action on the ground that no duty arose on the part of a defendant store to a business invitee where a fight broke out in the store and the conduct of decedent's assailant was so extraordinary that *defendant store as a matter of law could not be held responsible for providing the kind of protection which would have avoided her death* was appropriate; consequently, though defendant may have owed a duty of reasonable care to plaintiff as a business invitee, that duty did not extend to the extreme and totally unforeseeable behavior decedent's assailant demonstrated by his act of shooting her.

3. NEGLIGENCE—BUSINESS INVITEES—DUTY OF CARE—ASSAILANT'S UNFORESEEABLE BEHAVIOR.

Commercial businesses assume the duty of reasonable care to business invitees but, *as a matter of policy, this duty should not extend to the extreme and totally unforeseeable behavior of an assailant who during a commotion resulting from a fight in a store shoots and kills a customer.*

Appeal from Genesee, Harry B. McAra, J. Submitted November 8, 1977, at Lansing. (Docket No. 77-314.) Decided March 20, 1978.

REFERENCES FOR POINTS IN HEADNOTES
[1] 73 Am Jur 2d, Summary Judgment § 26 *et seq.*
[2] 73 Am Jur 2d, Summary Judgment § 4.
[3] 62 Am Jur 2d, Premises Liability §§ 46, 47.

Complaint by Bennie L. McNeal against Jessee Henry, Dorothy M. Gordon, the Kroger Company and Sterling Secret Service, Inc., for damages for the wrongful death of plaintiff's wife. Motion for summary judgment by defendant Kroger Company. Granted. Plaintiff appeals. Affirmed.

*Suber & Leavitt,* for plaintiff.

*Smith & Brooker, P. C.* (by *Patrick M. Kirby),* for defendants.

Before: QUINN, P. J., and V. J. BRENNAN and C. L. BOSMAN,* JJ.

V. J. BRENNAN, J. The wife of plaintiff Bennie L. McNeal was killed during a fight which occurred inside the Kroger Food Store in Flint, Michigan. Plaintiff filed a wrongful death action in the circuit court of Genesee County. On January 6, 1977, the trial court granted defendant Kroger Company's motion for summary judgment pursuant to GCR 1963, 117.2(1) on grounds that Kroger did not owe the decedent a duty to protect against the kind of sudden and unforeseeable injury occurring here.

Defendant based its motion on GCR 1963, 117.2(1), failure to state a claim upon which relief can be granted. Such a motion accepts as true all factual allegations well pleaded by the plaintiff. *Sanders v Clark Oil Refining Corp,* 57 Mich App 687; 226 NW2d 695 (1975), *Martin v Fowler,* 36 Mich App 725; 194 NW2d 524 (1971).

Plaintiff alleged that defendant Kroger failed to prevent the death of decedent by failing to react in time to commotion which resulted from the fight preceding decedent's death. However, this position

---

* Circuit judge, sitting on the Court of Appeals by assignment.

depends upon the fact that defendant actually owed plaintiff a duty relative to this kind of occurrence and harm. We agree with the trial court that the conduct of decedent's assailant was so extraordinary that defendant as a matter of law could not be held responsible for providing the kind of protection which would have avoided her death. Consequently, though defendant may have owed a duty of reasonable care to plaintiff as a business invitee, that duty did not extend to the extreme and totally unforeseeable behavior decedent's assailant demonstrated by the act of his shooting her. See *Holloway v Martin Oil Service Inc,* 79 Mich App 475; 262 NW2d 858 (1977).

The trial court was justified in determining as a matter of law that no duty arose on the part of defendant Kroger and consequently that granting summary judgment was appropriate for failure to state a cause of action. GCR 1963, 117.2(1). As a matter of policy, we do not believe that commercial businesses should be required to answer for the type of bizarre consequence faced by defendant in this case, even though plaintiff's complaint clearly and correctly characterized plaintiff herself as a business invitee.[1] Defendant assumed a duty of reasonable care as to her. Defendant did not assume a duty to protect her against the kind of behavior her assailant demonstrated and the consequences of that behavior. We see a real line

---

[1] In the majority of urban communities, both large and small businesses could not bear the heavy insurance burden which would be required to protect against this extraordinary kind of liability. Some of our big cities have more than their share of destructive and violent persons, young and old, who roam through downtown department stores and other small retail businesses stealing and physically abusing legitimate patrons. Guards are placed in the stores but those activities continue. We fear that to hold businessmen liable for the clearly unforeseeable third-party torts and crimes incident to these activities would eventually drive them out of business.

between the duty to plaintiff and the unforeseeable consequences of her assailant's behavior. We take this opportunity to draw that line.

The grant of summary judgment to defendant by the trial court is sustained.

Affirmed.

Judge QUINN did not participate.