EARLE v COLONIAL THEATRE COMPANY

EARLE v MIDWEST THEATERS COMPANY

Opinion of the Court

1. Negligence—Business Invitees—Duty of Reasonable Care—
   Standard of Care—Jury Question.
   A person conducting a business undertakes certain duties regard-
   ing business invitees, one of which is the duty to use reasonable
   care for the safety of an invitee; once such a duty has been
   established, it is for the jury to determine the specific standard
   of care applicable.

2. Motions—Directed Verdict—Jury Question.
   Denial of a motion for a directed verdict is proper where the
   motion is grounded upon a request that the trial court decide
   questions which are properly for the jury.  ·

3. Appeal and Error—Instructions to Jury—Manifest Injustice.
   The court of Appeals will review a trial court's instructions to the
   jury only upon a showing of manifest injustice where the
   instructions were not objected to at trial.

Dissent by V. J. Brennan, J.

4. Negligence—Business Invitees—Duty of Reasonable Care—Un-
   foreseeable Harm—Directed Verdict.
   *The owner of a theatre owes a duty of reasonable care toward the
   theatre's patrons, but that duty does not extend to the type of
   unforeseeable harm to a patron resulting from an unprovoked
   attack by a stranger; therefore, as a matter of law the theatre*

References for Points in Headnotes
[1] 57 Am Jur 2d, Negligence §§ 6, 36, 37, 79.
    62 Am Jur 2d, Premises Liability, §§ 62–68.
[2] 75 Am Jur 2d, Trial § 476.
    Motion by·each party for directed verdict as waiving submission of
    fact questions to jury. 68 ALR2d 300.
[3] 5 Am Jur 2d, Appeal and Error § 891.
[4] 57 Am Jur 2d, Negligence §§ 138, 163.

*owner should not be held responsible for such harm, and the
defendant owner is entitled to a directed verdict.*

Appeal from Wayne, Thomas J. Foley, J. Sub-
mitted October 4, 1977, at Detroit. (Docket Nos.
30195, 30196.) Decided March 20, 1978. Leave to
appeal applied for.

Complaints by Steven Earle against Colonial
Theatre Company and Midwest Theaters Company
for damages for injuries received when plaintiff
was attacked in a theatre. The cases were consoli-
dated for trial. Judgment for plaintiff. Defendants
appeal. Affirmed.

*August, Thompson, Sherr & Miller, P. C.* (by
*Paul D. Sherr* and *Ellen J. Alter),* for plaintiff.

*Seth H. Barsky* and *Faintuck, Shwedel, Roether,
Wolfram, McDonald & Zipser,* for defendants.

Before: D. F. WALSH, P. J., and V. J. BRENNAN
and BEASLEY, JJ.

BEASLEY, J. On August 23, 1972, while a patron
in the now closed Colonial Theatre on the edge of
downtown Detroit, plaintiff was shot in the right
ear in an unprovoked attack by a stranger.[1] Al-
though suffering serious injury and loss of hearing
in one ear, plaintiff recovered and sued defendant
for damages, claiming defendant did not exercise
reasonable care for his safety. Specifically, plaintiff
offered evidence of previous criminal activity in or
about the theatre and asserted defendants were
thus placed on notice of an unreasonable risk of
harm to patrons which imposed a duty on defend-

---

[1] The felon was never apprehended or identified. At the time, the
Colonial Theatre was an "all night" movie house *(i.e.,* was open 24
hours a day), but was not an "adult" theatre showing pornographic
films. On the night of the assault on plaintiff, the movies "Shaft" and
"Shaft's Big Score" were being shown.

ants to maintain armed security guards for the safety of paying patrons.[2]

The jury returned a verdict of $40,000 for plaintiff. Defendants appeal as of right.

Defendants say that while crime has, unfortunately, become such a way of life as to be generally foreseeable, this does not mean that all businesses have a duty to hire armed guards to protect customers. Defendants say this Court should determine, as a matter of law, that defendants had no duty to maintain armed guards.

In this connection, defendants urge that we consider the economic effect of a holding (albeit by jury verdict) that businesses in high crime areas have a duty to maintain armed guards to secure the safety of patrons and other business invitees. We are not only mindful of this economic effect, but we also are aware that "high crime areas" exist not only in the large cities, but also in the suburbs and many medium-sized cities throughout the state.

Nevertheless, it is also clear that defendants, in conducting their business, undertook certain duties regarding business invitees.[3] Among other things, the court instructed the jury as follows:

"Now, in considering whether there was an act of negligence, the law provides that when a person is invited on the premises of a business he is a business invitee, and the person doing the inviting has a certain duty to that individual. That duty is, in this state, to use reasonable care for the safety of that person. Now,

[2] Plaintiff's proofs indicated the theatre was in a high crime area and that in a two-year period preceding this assault there had been several incidents of criminal acts, including robbery, armed and unarmed, felonious assault and rape.

[3] *Marietta v Cliffs Ridge, Inc,* 385 Mich 364; 189 NW2d 208 (1971).

it is going to be up to you to determine what are the
requirements of using reasonable care for the safety of
the Plaintiff * * * ."

As stated by the court, once such a duty is estab-
lished, it is for the jury to determine the specific
standard of care applicable.[4] In this case, presuma-
bly the jury did determine the specific standard of
care required of this theatre owner. Under present
law, that determination must be affirmed. In addi-
tion, we find no error in the denial of defendants'
motion for a directed verdict since that motion was
also grounded upon a request that the trial court
decide questions which, as has already been dis-
cussed, were properly for the jury.

In their brief on appeal, defendants do not zero
in and specify what the trial judge did or did not
do that constituted allegedly reversible error. We
assume that the thrust of defendants' argument is
directed toward the court's instructions to the
jury.

Consequently, we have reviewed the court's in-
struction to the jury. The instruction consisted of
the Standard Jury Instruction, approved and re-
quired by order of the Supreme Court,[5] as ampli-
fied by requests of the parties. No objection was
made by defendants with respect to the court's
definition of negligence, due care, duties or proxi-
mate cause. In the absence of any objection to the
court's charge to the jury, we only review upon a
showing of manifest injustice; none appears here.
Therefore, insofar as defendants' claims on appeal

[4] *Moning v Alfono*, 400 Mich 425; 254 NW2d 759 (1977). *Moning*
itself is a 3-2-2 decision. Both this vote and the previous history of
negligence law suggest that this area will continue to receive further
development and explanation.

[5] GCR 1963, 516.6; *Javis v Ypsilanti Board of Education*, 393 Mich
689; 227 NW2d 543 (1975).

rest on the jury instructions, they are without merit.

Affirmed, with costs.

D. F. WALSH, P. J., concurred.

V. J. BRENNAN, J. *(dissenting).* I am forced to dissent from a portion of my brother BEASLEY's majority opinion in this case for the same basic reasons expressed in *McNeal v Henry,* 82 Mich App 88; 266 NW2d 469 (1978). Though I agree that defendants owed plaintiff a duty of reasonable care due to plaintiff's status as a business invitee, I would conceive the legal definition of that duty, which is a matter for the court to decide, in terms which do not extend to the kind of unforeseeable conduct exhibited by plaintiff's assailant. Defendants' duty will not legally extend to this kind of harm. Very simply then, I do not believe that an unprovoked attack by a stranger with a revolver is the kind of harm foreseeably related to defendants' duty to protect their patrons. See *Holloway v Martin Oil Service, Inc,* 79 Mich App 475; 262 NW2d 858 (1977).

Consequently, I would find that, as a matter of law, defendants could not be held responsible for the type of unforeseeable harm consequent to this unprovoked attack. The court was thus in error by denying defendants' motion for directed verdict since that motion properly requested the trial court to decide a legal question, which in my opinion should have been resolved by directing a verdict for defendants. Therefore, I would reverse the court below.