ASKEW v PARRY

Docket No. 66610. Submitted August 10, 1983, at Detroit.—Decided December 20, 1983.

Mary Jane Askew brought an action for damages against Mildred C. Parry, doing business as the Peyton Place Bar, alleging that defendant was liable in the death of plaintiff's husband. Mr. Askew was a customer in the bar when an intruder announced a robbery and ordered everyone to get onto the floor. Mr. Askew refused to lie down and was fatally shot by the robber. Plaintiff's action, based on the allegation that defendant owed a duty to protect customers from the type of harm which occurred herein, was dismissed by summary judgment, Oakland Circuit Court, Fred M. Mester, J. The lower court found that the killing was wholly unforeseeable and that the defendant had no duty to prevent the killing. Plaintiff appealed. *Held:*

1. The defendant did owe a duty to plaintiff's decedent to prevent situations which defendant knew or should have known might result in injury. The relationship between a business invitor and its invitee is a sufficiently "special" relationship to give rise to a duty to protect against foreseeable criminal acts of third parties.

2. The plaintiff pled sufficient facts to raise a question of foreseeability, which is a factual question to be resolved by the finder of fact. Summary judgment was therefore improper.

3. The question of whether the actions of defendant could have been a proximate cause of the decedent's death is also a question of fact.

Reversed and remanded.

J. T. KALLMAN, J., dissented. He would hold that a business

REFERENCES FOR POINTS IN HEADNOTES

[1] 62 Am Jur 2d, Premises Liability §§ 62, 65.
[2, 6] 62 Am Jur 2d, Premises Liability § 26.
[3] 61A Am Jur 2d, Pleading § 230.
[4] 61A Am Jur 2d, Pleading § 231.
[5] 57 Am Jur 2d, Negligence §§ 136, 137.
   62 Am Jur 2d, Premises Liability § 24.
   75 Am Jur 2d, Trial § 378.
[6] 62 Am Jur 2d, Premises Liability § 35.

has no duty to protect its customers against sudden and unforeseeable injuries caused by assailants nor to protect an invitee against the results of his own foolishness. He believes that in this case it is clear that the decedent's death was the product of his own foolish actions. Judge KALLMAN would affirm.

### OPINION OF THE COURT

1. TORTS — BUSINESS INVITEES — DUTY.

   A business invitor owes a duty to invitees to maintain the business premises in a reasonably safe condition, exercising due care to prevent situations which the invitor knows or should know might result in injury.

2. TORTS — BUSINESS INVITEES — DUTY — CRIMINAL ACTS BY THIRD PARTIES.

   The relationship between a business invitor and its invitee is a sufficiently "special relationship" to give rise to a duty on the part of the invitor to protect the invitee against foreseeable criminal acts of third parties.

3. MOTIONS AND ORDERS — SUMMARY JUDGMENT — FAILURE TO STATE CLAIM.

   A motion for summary judgment based on the plaintiff's failure to state a claim upon which relief may be granted tests only the legal sufficiency of the complaint, not whether the claim can be factually supported at trial (GCR 1963, 117.2[1]).

4. JUDGMENTS — SUMMARY JUDGMENT — QUESTION OF FACT — FORESEEABILITY.

   Summary judgment was not proper in an action against a business proprietor based on premises liability and arising out of an assault on a business customer by a third party where the plaintiff has raised allegations of fact sufficient to create a jury question of whether the assault was foreseeable.

5. TORTS — PROXIMATE CAUSE — QUESTION OF FACT.

   The question of proximate cause is reserved for the finder of fact.

### DISSENT BY J. T. KALLMAN, J.

6. TORTS — BUSINESS INVITEES — DUTY — CRIMINAL ACTS BY THIRD PARTIES.

   *A business has a duty to exercise due care to protect its invitees from foreseeable dangers, but has no duty to protect against sudden and unforeseeable injuries caused by third-party assailants, nor to protect an invitee from the result of his own foolhardiness.*

*Parker, Tays, Parker & Mitcham* (by *Ronald G. Tays*), for plaintiff.

*Jacobs & Miller* (by *Robert B. Miller*), for defendant.

Before: Bronson, P.J., and T. M. Burns and J. T. Kallman,* JJ.

Per Curiam. Plaintiff appeals as of right from the trial court's order granting defendant's motion for summary judgment, GCR 1963, 117.2(1). We reverse and remand for trial.

On January 5, 1979, at approximately 1:30 a.m., an intruder entered the Peyton Place Bar carrying a rifle and announced a robbery. The man yelled for everyone to get onto the floor. Plaintiff's decedent refused to cooperate, swore at the robber, and directed an obscene gesture in his direction. The robber fired at the decedent at point-blank range, fatally striking him in the chest.

Plaintiff filed a two-count complaint against defendant, alleging dramshop violations and premises liability. The dramshop count was settled, leaving only the premises liability count, which the trial court dismissed by means of the order underlying this appeal. In granting summary judgment, the court reasoned that defendant could not be liable because she had no duty to prevent the killing of the plaintiff's decedent. The court characterized the killing as wholly unforeseeable.

We believe that defendant did in fact owe a duty of care to plaintiff's decedent, and that the trial court's reasoning as to this issue was erroneous. A business invitor such as defendant owes a duty to invitees to maintain premises in a reasonably safe

---

* Circuit judge, sitting on the Court of Appeals by assignment.

condition, exercising due care to prevent situations which it knows or should know might result in injury, *Manuel v Weitzman,* 386 Mich 157, 163; 191 NW2d 474 (1971). This Court has recently discussed the extent to which a business invitor's duty of care requires it to protect its invitees from the intentional act of an assailant. See *Earle v Colonial Theatre Co,* 82 Mich App 54; 266 NW2d 466 (1978), *lv den* 403 Mich 816 (1978). In *Earle,* this Court found liability for injuries sustained when the plaintiff was assaulted on defendant's premises. Similarly, in *Samson v Saginaw Professional Building, Inc,* 393 Mich 393; 224 NW2d 843 (1975), the Supreme Court held that a landlord owes an affirmative duty to protect tenants from foreseeable assaults by users of the premises. The Court stated that the duty to guard another against the criminal acts of third parties can arise when there is a "special relationship" between the party owing the duty and the one to be protected. 393 Mich 406, fn 1. As noted in *Earle, supra,* the relationship between a business invitor and its invitee is sufficiently "special" to give rise to the duty, see 2 Restatement Torts, 2d, § 314A(3).

A motion for summary judgment based upon GCR 1963, 117.2(1) tests only the legal sufficiency of the complaint, not whether such claims can be factually supported at trial. *Crowther v Ross Chemical & Manufacturing Co,* 42 Mich App 426, 431; 202 NW2d 577 (1972). In the present case, plaintiff made the following allegations:

"15. That at all times relevant herein, defendant retailer was engaged in the business of furnishing and selling intoxicating liquor to its customer business invitees on the above described premises.

"16. That it thereupon became, and was, the duty of defendant retailer, by its agents and employees on its

behalf, to exercise all due care and diligence for the safety of persons lawfully on said premises, including plaintiff's deceased spouse.

"17. That on or about January 6, 1979, at approximately 1:30 a.m., as a direct and proximate result of defendant retailer's misfeasance and its failure to keep the premises of the Peyton Place Bar safe and secure in an effort to protect its customer invitees, robbers entered the premises, robbed the establishment of its cash, and shot and killed Robert Dale Askew, plaintiff's deceased spouse.

"18. That defendant retailer then and there negligently violated its duty to plaintiff's deceased spouse by failing to protect the deceased, a customer of the Peyton Place Bar, from bodily harm.

"19. That defendant retailer was also negligent in its failure to take the necessary precaution to protect its patrons from bodily harm."

Note that plaintiff has specifically pleaded the foreseeability of the assault. We believe that the foregoing allegations have, at the very least, raised a jury question as to whether the risk of an assault such as that involved here was foreseeable to defendant. Whether criminal activity has previously taken place on the premises is but one factor in the determination of whether an assault was foreseeable. Also significant are whether the premises as a whole were located within a high crime area and whether the owner of the premises was aware of criminal activity in the vicinity. We conclude that material issues of fact exist as to the issue of foreseeability. The matter should be decided by the finders of fact. *Samson, supra,* pp 404-407.

Finally, we reject defendant's alternative argument, that summary judgment was proper because, as a matter of law, her conduct could not have been a proximate cause of the decedent's

death. The question of proximate cause is also reserved in the first instance for the finders of fact, *Kurczewski v State Highway Comm,* 112 Mich App 544, 552; 316 NW2d 484 (1982).

Reversed and remanded for proceedings consistent with this opinion.


J. T. KALLMAN, J. *(dissenting).* I dissent. I agree with the trial court's conclusion that, given plaintiff's decedent's actions, this killing was wholly unforeseeable.

Plaintiff's decedent was the only patron at the defendant's establishment who was injured by the robber, and the only patron who decided to provoke an unknown gun-wielding assailant. A business has a duty to exercise due care to protect its invitees from foreseeable dangers, but it does not have a duty to protect against sudden and unforeseeable injuries caused by assailants. *Escobar v Brent General Hospital,* 106 Mich App 828; 308 NW2d 691 (1981); *McNeal v Henry,* 82 Mich App 88; 266 NW2d 469 (1978). A business certainly has no duty to protect an invitee from his own brazen foolhardiness. In this case, it is clear that plaintiff's decedent's death was the product of his own foolish actions.

One wonders just what the majority thinks defendant should have done to protect the decedent. If defendant had hired an unarmed guard, the latter would have been in no position to do anything other than what all of defendant's patrons, with the exception of decedent, did; namely, to comply with the robber's commands. Had defendant hired an armed guard, the possibility of violence would only have been increased. No doubt had the decedent been killed in a crossfire between the assailant and an armed guard, plaintiff would

have filed a complaint alleging that the guard was negligent in attempting to stop the robbery. Perhaps defendant should have required the decedent to wear a gag as a condition for allowing him on the premises.

I believe that the majority opinion is simply another example of the modern trend in the judiciary to look for a "deep pocket" when a wrong has been committed. While plaintiff's loss is very real, it is clearly not a loss for which defendant is even remotely responsible, either in law or in fact.

I would affirm.