FILLARE v UNION OIL COMPANY OF CALIFORNIA

Docket No. 79100. Submitted March 12, 1985, at Detroit.—Decided June 4, 1985.

Plaintiff, Stephen Fillare, was robbed and beaten by an unknown assailant while he was a customer at a Union 76 gasoline service station. He brought an action for damages against defendant, Union Oil Company of California, in Wayne Circuit Court. Defendant alleged that it did not own or control the premises and that its only contact with the service station was through an independent jobber who supplied the station with defendant's products. The trial court, Robert J. Colombo, J., held that defendant could be held liable despite its lack of control over the premises but that even if defendant did owe plaintiff a duty as a business invitor the duty did not extend to sudden assaults on invitees by an unforeseeable third-party assailant. The court granted defendant summary judgment for failure to state a claim upon which relief could be granted. Plaintiff appealed. *Held:*

1. The trial court properly held that the defendant in this case should not be held liable for the unforeseeable conduct of third parties.

2. The trial court should also have granted summary judgment for lack of any material factual dispute. Defendant's merely allowing the service station to use defendant's trademark and the indirect supplying of products do not make the defendant a business invitor for purposes of premises liability.

Affirmed.

R. L. TAHVONEN, J., concurred in the result only.

1. JUDGMENTS — SUMMARY JUDGMENT — APPEAL.
The Court of Appeals, when reviewing a grant of summary

REFERENCES FOR POINTS IN HEADNOTES

[1] 73 Am Jur 2d, Summary Judgment §§ 26-36.
Reviewability of order denying motion for summary judgment. 15 ALR3d 899.
[2] 62 Am Jur 2d, Premises Liability §§ 12-22.
Liability of owner or operator of shopping center, or business housed therein, for injury to patron on premises from criminal assault by third party. 93 ALR3d 999.
[3] 73 Am Jur 2d, Summary Judgment §§ 12-19.

judgment for failure to state a claim upon which relief can be granted, assumes that the allegations in the complaint are true and determines whether the claim, on the pleadings, is so clearly unenforceable as a matter of law that no factual development can possibly justify a right of recovery (GCR 1963, 117.2[1]).

2. Torts — Business Invitors — Control of Premises — Unforeseeable Injury.

   A defendant who merely allows a retailer to use a trademark, who supplies products to the retailer indirectly by way of a third-party distributor, and who exerts no ownership or control over the retailer's premises is not a business invitor for the purposes of premises liability and may not be held liable for unforeseeable injuries suffered by a customer of the retailer when attacked by an unknown assailant.

3. Motions and Orders — Summary Judgment — Material Issue of Fact.

   It is the obligation of the party opposing a motion for summary judgment based on the lack of any issue of material fact to show that a material issue of fact does exist (GCR 1963, 117.2[3]).

*George W. Marchese,* for plaintiff.

*Dickinson, Wright, Moon, Van Dusen & Freeman* (by *George R. Ashford),* for defendant.

Before: Cynar, P.J., and D. E. Holbrook, Jr., and R. L. Tahvonen,* JJ.

Per Curiam. Plaintiff appeals as of right from a trial court order granting summary judgment to defendant pursuant to GCR 1963, 117.2(1).

On August 14, 1983, plaintiff stopped at a Union 76 service station located at 10350 Woodward in Detroit, Michigan. As plaintiff approached the cashier's booth he was robbed and beaten by an unknown assailant.

Plaintiff filed suit against Union Oil Company of

---

* Circuit judge, sitting on the Court of Appeals by assignment.

California. Union Oil's trademarks were displayed at the service station and its products were sold there. Plaintiff alleged that the service station was owned and controlled by Union Oil. Plaintiff further alleged that, as he was a business invitee on the premises, defendant had a duty to assure his safety while he was transacting business.

Union Oil informed plaintiff that it did not own, control or possess the service station. Subsequently, plaintiff filed an amended complaint joining the owner and operator of the station, Flashlight General Sales, Inc. (Flashlight), as a defendant. Flashlight is not a party to this appeal.

Union Oil brought a motion for summary judgment under GCR 1963, 117.2(1) and 117.2(3). Union Oil argued that it owed no duty to the plaintiff because it did not own or control the premises. Union Oil offered the affidavit of Larry Bealmear, area manager for Union Oil. The affidavit indicated that Union Oil neither owned nor leased the service station and did not participate in employment decisions of the business. The affidavit also stated that Union Oil's only contact with the station was with an independent jobber who supplied Union Oil's products to the owner of the service station. There was no contractual relationship between Union Oil and Flashlight, according to the affidavit. The affidavit was not answered with opposing affidavits by the plaintiff, as authorized by GCR 1963, 117.3. Union Oil also argued that it was entitled to summary judgment because, even if it owed a duty of care to the plaintiff, the assault on the plaintiff was entirely unforeseeable and therefore it should not be held liable.

The trial court ruled that defendant could be held liable even though it had no control over the premises but refused to rule on the issue of whether defendant became a business invitor by

allowing Flashlight to use its trademark. The court instead decided to grant summary judgment pursuant to GCR 1963, 117.2(1). The trial court concluded that even if the defendant owed plaintiff a duty as a business invitor the duty did not extend to sudden assaults on invitees by an unforeseeable third-party assailant.

Plaintiff claims on appeal that the trial court erred by granting summary judgment pursuant to GCR 1963, 117.2(1) for failure to state a claim upon which relief can be granted. A motion for summary judgment under GCR 1963, 117.2(1) seeks to test the genuineness of a claim or defense by challenging the legal adequacy of the pleadings. *Abel v Eli Lilly & Co,* 418 Mich 311; 343 NW2d 164 (1984), *reh den* 419 Mich 1201 (1984), *cert den* — US —; 105 S Ct 123 (1984). When reviewing a grant of summary judgment under GCR 1963, 117.2(1) this Court assumes the factual allegations of the complaint are true and determines whether the claim, on the pleadings, is so clearly unenforceable as a matter of law that no factual development can possibly justify a right of recovery. *Borsuk v Wheeler,* 133 Mich App 403; 349 NW2d 522 (1984).

The trial court ruled that while the defendant may have owed a duty to the plaintiff, that duty did not extend to the extreme and unforeseeable behavior of the unknown assailant. We agree with the trial court. The defendant should not be held liable for the unforeseeable conduct of third parties. *McNeal v Henry,* 82 Mich App 88; 266 NW2d 469 (1978); *Holloway v Martin Oil Service, Inc,* 79 Mich App 475; 262 NW2d 858 (1977), *lv den* 402 Mich 932 (1978). We are not persuaded by plaintiff's citation to *Askew v Parry,* 131 Mich App 276; 345 NW2d 686 (1983), and *Earle v Colonial Theatre Co,* 82 Mich App 54; 266 NW2d 466 (1978), *lv*

*den* 403 Mich 816 (1978). Furthermore, *Askew* and *Earle* are distinguishable. In both cases it was clear that the defendants were the owners of the premises and therefore, arguably, owed the plaintiffs some sort of duty. In this case there is no question that the defendant did not own the premises.[1]

Even if it were to be found that *Askew* and *Earle* controlled, summary judgment would still have been proper under GCR 1963, 117.2(3) because there was no material dispute as to any matter of fact and defendant Union Oil was entitled to judgment as a matter of law.

The uncontroverted affidavit of Larry Bealmear indicated that Union Oil exerted no control over the premises. We cannot conclude that simply allowing another entity to use a trademark and indirectly supplying products to a retailer makes the defendant a business invitor for the purposes of premises liability. We are persuaded by the reasoning found in *Smith v Cities Service Oil Co*, 346 F2d 349, 352 (CA 7, 1965), where it was stated:

"The thinness of plaintiff's argument is apparent we think from the fact that it rests largely upon the facts that Ramon displayed defendant's brand signs, that he honored defendant's credit cards, defendant's agents from time to time made suggestions as to the operation of the station, and the fact that defendant had the right to terminate Ramon's lease. It is generally recognized that these factors are almost universal provisions of service station leasing agreements. The determinative question is the actual control of the operation of the business. We think it clear here that Ramon, not the defendant, had control of the general operation."

---

[1] We note that there may nonetheless be a conflict between the decision in this case and the decisions in *Askew* and *Earle;* therefore we are certifying this matter to the Michigan Supreme Court pursuant to Administrative Order 1984-2, 418 Mich lxxxii (1984).

The facts in the present case as they relate to the lack of control are even stronger than in *Smith*. Defendant Union Oil did not control in any manner the operation of the gas station where the assault occurred. Defendant sold its gasoline products to an independent jobber who in turn sold them to independently owned service stations who also obtained the right to display the Union Oil trademark. No contract existed between Union Oil and the station owned by Flashlight General Sales, Inc., where the assault occurred. Union Oil had no control over how the service station was managed or maintained and did not participate in any decisions relating to the operation of the station. To hold Union Oil liable under these circumstances would extend liability beyond acceptable limits. We conclude that merely allowing another entity to use a trademark is not a sufficient basis for establishing a duty. The trial court erred in denying the defendant's motion for summary judgment under GCR 1963, 117.2(3).

Plaintiff protests that an issue of material fact exists which has not been cured by Bealmear's affidavit. We note that while the rule does not require opposing affidavits, it is the obligation of the opposing party to make a showing that a material issue of fact exists. *Durant v Stahlin,* 375 Mich 628; 135 NW2d 392 (1965). Heated disagreement and vigorous advocacy will not be mistaken for an issue of fact. The record which might be developed in this case, within the limits placed by the pleadings and affidavits, would not have created an issue of material fact. See, 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 362. Absent control of the premises, defendant has no liability. There is no material question of fact about defendant's lack of control over the

premises. Summary judgment would have been proper under GCR 1963, 117.2(3).

Affirmed.

R. L. Tahvonen, J., concurs in the result only.