Patricia J. WAGNER, Terrance Wagner, St., Laura M. Wagner and Terrance Wagner, Sr., as Next Friend of Terrance Wagner, Jr., a minor child, Plaintiffs,

v.

TOYS "R" US, INC., a New Jersey Corporation, Defendant.

No. 86–CV–40014–FL.

United States District Court, E.D. Michigan, S.D.

Dec. 29, 1986.

Alan I. Shanaman, Southfield, Mich., for plaintiffs.

Stephanie A. Nelson, Flint, Mich., for defendant.

MEMORANDUM OPINION AND ORDER

NEWBLATT, District Judge.

Before the Court is plaintiff's motion for relief from judgment pursuant to Rule

60(b), Fed.R.Civ.P. which states in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party ... from a final judgment ... for the following: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); ... any other reason justifying relief from the operation of the judgment.

The relevant facts follow. On November 4, 1986, the Court issued a Memorandum Opinion and Order granting defendant's motion for summary judgment and dismissing plaintiff's case. [Available on WEST-LAW, DCTU Database.] The Court held that plaintiff had "put forth no facts whatever from which a trial finder of fact might conclude that the circumstances exist as to which a breach of duty would be foreseeable if security guards or police had not been present." Opinion at p. 6. The Court relied on *Askew v. Parry*, 131 Mich.App. 276, 278–280, 345 N.W.2d 686 (1983) which stated in pertinent part:

> Note that plaintiff has specifically pleaded the foreseeability of the assault. We believe that the foregoing allegations have, at the very least, raised a jury question as to whether the risk of an assault such as that involved here was foreseeable to defendant. Whether criminal activity has previously taken place on the premises is but one factor in the determination of whether an assault was foreseeable. Also significant are whether the premises as a whole were located within a high crime area and whether the owner of the premises was aware of criminal activity in the vicinity. We conclude that material issues of fact exist as to the issue of foreseeability.

Plaintiffs failed to present relevant facts to meet the affidavit of Herbert A. Adams, offered by defendant, who indicated the area where the incident occurred was not a high crime area.

■ Plaintiffs now claim that in light of "newly discovered evidence" the Court should reconsider its findings. Plaintiffs obviously misread Rule 60(b). Not only does Rule 60(b)(2) apply to trial situations, but there is absolutely no indication that this "newly discovered evidence" was not discoverable by due diligence while defendant's motion was under consideration.[1] Although plaintiffs contend that they received answers to interrogatories on October 2, 1986 [2] which contain evidence warranting denial of defendant's motion, plaintiffs do not adequately explain why their response to defendant's motion was not supplemented. Plaintiffs merely claim that because of a change of attorneys within the same law firm, no one was aware that the motion was still pending. Not only is this apparent attempt to lay blame on another lawyer in one's firm distasteful, but it is simply not an excuse. Attorneys are obligated to be aware of the status of litigation under their control. Plaintiffs' claim that there was an agreement that defendant's motion for summary judgment be held in abeyance is also not an excuse. There are no orders in the record to support such a claim.

Finally, failure to review one's file to determine the status of litigation under one's control does not come under the "mistake, inadvertence or excusable neglect" provisions of Rule 60(b)(1).

■ Even if the Court were to have had the so-called "newly discovered evidence" when it was considering defendant's motion, the result would have been the same. The answers to plaintiffs' interrogatories simply do not raise a jury question as to whether risk of assault was foreseeable. That is, they do not indicate that Toys "R" Us is located in a high crime area or that

---

1. Defendant's motion would more properly be brought under Rule 17(k), Local Rules of the United States District Court for the Eastern District of Michigan.

2. Plaintiffs also attempt to lay blame on defendant claiming that the answers to interrogatories were unduly delayed by defendant. The Court can hardly be sympathetic when plaintiffs filed neither a motion to compel nor an affidavit pursuant to Rule 56(f).

defendant was aware of criminal activity in the area. At the most, the answers to the interrogatories indicate that management staff and cart runners would periodically check the exterior as a security measure. This does not establish that there was a recognized crime problem in the area, the extent thereof nor the obligation to provide a security force. Contrary to plaintiff's assertions, defendant has not assumed or admitted a duty to provide security.

Moreover, defendants' claim that the statement of Toys "R" Us Manager Richard Leyanna shows that he was aware that the suspects were in the area and were asking people for jumper cables, not only seriously miscontrues Layanna's statement to the point of being a violation of Rule 11, but also misses the issue in this case and the point of the Court's Memorandum Opinion and Order. The report of the jumper cable event[3] came *after* plaintiff Patricia Wagner was shot and could hardly be construed to show that Toys "R" Us was in a high crime area or that defendant was aware of criminal activity in the vicinity.

Therefore, for the reasons just stated, plaintiffs' motion is DENIED.

IT IS SO ORDERED.