JONES v WILLIAMS

Docket No. 90273. Submitted March 11, 1987, at Detroit. Decided
April 14, 1987. Leave to appeal applied for.

Jonathan R. Jones brought an action in the Wayne Circuit Court
against Samuel Williams, individually and doing business as
Williams Private Patrol Services, Inc., and White Castle Sys-
tem, Inc., for damages for injuries sustained in a gunshot
assault which occurred in a parking lot adjacent to a White
Castle restaurant at which Williams provided security services.
The trial court, Robert J. Colombo, Jr., J., granted motions for
summary disposition brought by the defendants, finding that
neither defendant was under a legal duty to prevent plaintiff's
injuries and that defendants' actions were not the proximate
cause of plaintiff's injuries. Plaintiff appeals.

The Court of Appeals *held:*

Summary judgment was properly granted for lack of duty
and proximate cause. White Castle was not under a legal duty
to provide security in the parking lot or to protect plaintiff
from an unforeseeable assassination attempt. The plaintiff was
not a party to the contract to provide security services. There is
no genuine fact issue which would have allowed plaintiff to
recover and which should have been tried to a factfinder.

Affirmed.

1. TORTS — DUTY — PROXIMATE CAUSE.

The question of duty turns on the relationship existing between
the actor and the injured person; the concepts of duty and
proximate cause are interrelated because both depend in part
on foreseeability—whether the actor's harmful conduct, its
result and intervening causes were foreseeable; the questions of
duty and proximate cause may be determined by the court.

REFERENCES

Am Jur 2d, Hotels, Motels, and Restaurants § 112.
Am Jur 2d, Negligence §§ 33 *et seq.*; 127 *et seq.*; 153 *et seq.*
Liability of hotel or motel operator for injury to guest resulting
from assault by third party. 28 ALR4th 80.
See also the annotations in the Index to Annotations under Proxi-
mate Cause.

2. Torts — Commercial Businesses — Security Guards.
    Commercial businesses are not required to provide security
    guards.

*Stern & Field* (by *S. Randall Field*), for plaintiff.

*Martin, Bacon & Martin, P.C.* (by *John W. Crimando*), for Samuel Williams.

*Kohl, Secrest, Wardle, Lynch, Clark & Hampton* (by *Michael L. Updike*), for White Castle System, Inc.

Before: Cynar, P.J., and Weaver and M. H. Cherry,* JJ.

Per Curiam. Plaintiff Jonathan R. Jones appeals as of right from an order of the Wayne Circuit Court granting summary disposition in favor of all defendants. MCR 2.116(C)(8) and (10). We affirm.

I

At approximately 1:30 A.M. on October 31, 1980 —so-called "Devil's Night"—plaintiff was wounded in a gunshot assault which occurred in the parking lot adjacent to a restaurant operated by defendant White Castle System, Inc. (defendant restaurant). The restaurant was located at the intersection of Fenkell (Five Mile Road) and the Southfield Expressway Service Drive in Detroit.

Defendant Samuel Williams, doing business as Williams Private Patrol Services, Inc., (defendant security guard) was under contract with defendant restaurant. The contract provided for "uniformed police and guard service at the White Castle restaurants located in the Greater Detroit Metropolitan Area, *as instructed by the White Castle De-*

---

* Circuit judge, sitting on the Court of Appeals by assignment.

*troit Area Management."* The contract further provided that: "Contractor shall maintain order on said premises both inside . . . and on its parking lot, and shall direct traffic on said parking lot, *at such times as shall be specified by White Castle."*

Plaintiff had gone inside the restaurant to order food for takeout and was returning to his car at approximately the same time as another patron, Mr. Ibrahim Ameen Barakat. While the two men were walking to their cars, a Thunderbird backed up toward them at a high rate of speed. The Thunderbird, containing three or four men, had been waiting in the parking lot. The car stopped near plaintiff and Mr. Barakat, and one of the occupants got out and pulled a shotgun from the trunk of the car. Mr. Barakat reached his car; plaintiff ran toward his, apparently trying to dis-, tance himself from the man with the shotgun. The Thunderbird moved back and forth, as did plaintiff. When Mr. Barakat finally found himself in a direct line of fire between plaintiff and the man with the shotgun, he threw himself on the ground and attempted to roll underneath his car. The man with the shotgun then fired at plaintiff, wounding him, and after returning the shotgun to the trunk, he closed the lid, got back into the Thunderbird and sped off. Mr. Barakat then ran to the White Castle and had the security guard call the police, who arrived promptly but were unable to apprehend the assailants.

Defendant restaurant moved in the trial court for summary disposition on the basis of failure to state a claim upon which relief can be granted. MCR 2.116(C)(8). Defendant security guard filed a similar motion under MCR 2.116(C)(10), asserting that, except as to damages, plaintiff had presented no genuine issue of material fact, thereby entitling defendant to judgment as a matter of law. The

trial court granted both motions, finding that neither defendant was under a legal duty to prevent plaintiff's injuries and that defendants' actions were not the proximate cause of plaintiff's injuries.

On appeal, plaintiff argues that the defendants owed a duty to protect him from the unknown assailant and that failure to comply with that duty resulted in his injuries. Plaintiff urges that a security guard should have been present in the parking lot; alternatively, he argues that defendants could have taken other protective measures such as installation of a driveup window for evening customers. He asserts that the trial court erred when deciding the questions of duty and proximate cause by way of summary disposition.

II

We cannot adopt plaintiff's position. We are unable to find the existence of any genuine fact issue which would have allowed plaintiff to recover and which should have been tried to a factfinder. Motions under MCR 2.116(C)(8) are tested on the basis of the pleadings and should not be granted unless there is no possible factual development which would allow the plaintiff to recover. *Harrison Twp v Calisi,* 121 Mich App 777, 781-782; 329 NW2d 488 (1982). Motions under MCR 2.116(C)(10) should not be granted if there exists any genuine issue of material fact for trial. *Brooks v Reed,* 93 Mich App 166, 170; 286 NW2d 81 (1979).

The question of duty turns on the relationship existing between the actor and the injured person. *Moning v Alfono,* 400 Mich 425, 438-439; 254 NW2d 759 (1977), reh den 401 Mich 951 (1977), supplemental order 402 Mich 958 (1978). Duty and proximate cause are interrelated concepts because both depend in part on foreseeability—whether

the actor's harmful conduct, its result and intervening causes were foreseeable. *Id.* Because duty and proximate cause are often indistinguishable, both questions may be determined by the court. 400 Mich 440.

We are persuaded by the trial court's reasoning that defendant restaurant was not under a legal duty to secure the parking lot. Defendant restaurant did not even own the lot, but shared it with other businesses and a nearby church at the time of the shooting.[1] Even had defendant restaurant been the sole owner, it still would not have borne a duty to provide security guards for the lot. *Williams v Cunningham Drug Stores, Inc,* 146 Mich App 23, 26-27; 379 NW2d 458 (1985), lv gtd 425 Mich 871 (1986). See also *Fillare v Union Oil Co,* 143 Mich App 520, 523-524; 372 NW2d 606 (1985), consideration of conflict declined 422 Mich 1238 (1985); *McNeal v Henry,* 82 Mich App 88, 90-91; 266 NW2d 469 (1978). Further, a review of the record shows that the assailant was specifically targeting plaintiff. Although the assailant had ample opportunity to fire at Mr. Barakat, he did not do so; instead, he waited until Mr. Barakat had removed himself from the line of fire and then shot plaintiff. We cannot believe that defendant restaurant owed a duty to protect plaintiff from an unforeseeable assassination attempt.

As for defendant security guard, plaintiff was never a party to the contract to provide security services. That contract was only between the two defendants, and it obligated defendant security guard to follow the instructions of defendant restaurant. At the time of this incident, defendant restaurant had instructed the security guard not

---

[1] The defendant restaurant was built in the 1940's. It was torn down shortly after the 1980 shooting incident and was replaced by a Kentucky Fried Chicken outlet.

to leave the building. There is no dispute that the shooting occurred outside the building.

Summary disposition was properly granted for lack of duty and proximate cause. Commercial businesses are not required to provide security guards. *Williams, supra; Fillare, supra; McNeal, supra.* It is one thing to require apartment building owners to equip their buildings with adequate locks and lighting.[2] It is another thing to require fast food restaurants to provide armed guards for adjacent parking lots so that assassination attempts against patrons can be thwarted. Even the presence of guards could not prevent assassination attempts. If there is no duty to provide guards, and guards could not have prevented the attack here in question, other methods, such as a driveup window, would not necessarily prevent such attempts either.

Affirmed.

---

[2] See, e.g., *Johnston v Harris,* 387 Mich 569; 198 NW2d 409 (1972); *Samson v Saginaw Professional Building, Inc,* 393 Mich 393; 224 NW2d 843 (1975); *Aisner v Lafayette Towers,* 129 Mich App 642; 341 NW2d 852 (1983), lv den 419 Mich 871 (1984).