## STEWART v. NAPUCHE.

1. Appeal and Error—Nonjury Case—Findings of Fact—Preponderance of Evidence.

   The Supreme Court does not reverse judgment in a nonjury case, based on findings of fact by the trial court, unless the evidence clearly preponderates in the opposite direction.

2. Master and Servant—Scope of Employment.

   Generally, a master is liable for the acts of a servant while the servant is acting within the scope of his employment.

References for Points in Headnotes

[1] 3 Am Jur, Appeal and Error § 896.
[2] 35 Am Jur, Master and Servant § 532.
[3-5] 28 Am Jur, Innkeepers § 53; 35 Am Jur, Master and Servant §§ 574, 575.
[3-5] Liability of employer other than carrier for a personal assault by employee upon customer, patron, or other invitee. 40 ALR 1212; 114 ALR 1033.

3. SAME—EVICTION FROM PREMISES—EXCESSIVE FORCE.

The master is liable for acts of servant if latter uses more force than he was authorized to use in evicting a party from his master's premises.

4. SAME—MASTER'S RESPONSIBILITY FOR SERVANTS' ACTS—EXCEEDING AUTHORITY.

The master who puts his servant in a place of trust or responsibility, or commits to him the management of his business or the care of his property, is responsible when the servant, through lack of judgment or discretion, or from infirmity of temper, or under the influence of passion aroused by the circumstances and the occasion, goes beyond the strict line of his duty or authority, and inflicts an unjustifiable injury upon another; doubt as to whether the servant exceeded his authority being resolved against the master.

5. INTOXICATING LIQUORS—EVICTION OF INTOXICATED PERSON—UNPROVOKED ASSAULT—MASTER AND SERVANT.

Act of bartender in defendant's tavern in making an unprovoked assault upon plaintiff patron who had been refused further drinks because of his intoxicated condition was properly found by trial court to have been made in furtherance of defendant master's business and fact that the bartender used more force than necessary to evict plaintiff does not relieve defendant from liability.

Appeal from Wayne; Webster (Clyde I.), J. Submitted April 17, 1952. (Docket No. 9, Calendar No. 45,278.) Decided June 2, 1952.

Action by Edgar Stewart against Christo Napuche for injuries suffered when he was assaulted by defendant's employee. Judgment for plaintiff. Defendant appeals. Affirmed.

*Michael A. Guest,* for plaintiff.

*Griffiths, Williams & Griffiths (Helen Theut Bevens,* of counsel), for defendant.

SHARPE, J. Plaintiff, Edgar Stewart, brought an action in the circuit court of Wayne county against

defendants James Miner and Christo Napuche, for injuries suffered while a guest in defendant Christo Napuche's tavern in the city of Detroit, Michigan. From a judgment in favor of plaintiff, defendant appeals.

It appears that on June 4, 1949, plaintiff, after having visited several bars, arrived at defendant Napuche's place about 4:30 p. m. He was served beer by an attendant, and by defendant Napuche. Defendant Miner came on duty at 5 p. m., and shortly thereafter defendant Napuche left to go to his home. At or about the hour of 6 p. m., plaintiff asked Miner for another bottle of beer and was refused. At this time plaintiff had consumed 18 bottles of beer during the afternoon. Upon being refused another bottle of beer plaintiff made some remark to Miner, which apparently angered Miner to the extent that he came from behind the bar and struck plaintiff. Defendant Miner testified:

"I had a conversation with Mr. Stewart. We just had a few words and I goes around and picks him up—after having a few short words, I hit Stewart, then I walked around the end of the bar very quickly, picked him up, using a full Nelson—that is a wrestling grip—and started to take him out when someone in the bar interfered, and I put more pressure on his neck; that must have been when I hurt him.

"At no time during that time do I remember Mr. Stewart threatening to strike me; he may have used one or so curse words, I don't remember. That didn't bother me, I hear that every day. I struck him in an attempt to get him out of the place. I didn't want him in there. I wanted him out of there because he was highly intoxicated and was going to cause trouble, I thought."

As a result of this altercation plaintiff was severely injured, and lost approximately 5 months' work and incurred hospital and doctor bills. The cause

came on for trial before the court without a jury. At the close of plaintiff's proofs Napuche's attorney made a motion for a directed verdict, basing his reasons on the claims that Miner was not acting within the scope of his authority when he committed the assault upon plaintiff. The trial court denied the motion, and at the close of all testimony rendered judgment in favor of plaintiff in the sum of $7,500. Subsequently defendant, Christo Napuche, made a motion for a new trial, based upon the following:

"4. Because the evidence failed to establish that the injury complained of was inflicted by the defendant Miner within the scope of his agency as an employee of the defendant Napuche."

This motion was denied and defendant, Christo Napuche, appeals.

In law cases tried before the court without the aid of a jury, we do not reverse the judgment based on findings of fact of the trial court, unless the evidence clearly preponderates in the opposite direction. It is a general rule that the master is liable for the acts of a servant while the servant is acting within the scope of his employment. See *Canton* v. *Grinnell,* 138 Mich 590; *Zart* v. *Singer Sewing Machine Co.,* 162 Mich 387; *Moffit* v. *White Sewing Machine Co.,* 214 Mich 496; *Martin* v. *Jones,* 302 Mich 355; and *Guipe* v. *Jones,* 320 Mich 1.

It is also the rule that if the servant uses more force than he was authorized to use in evicting a party from his master's premises, the master is liable. In *Cook* v. *Michigan Central R. Co.,* 189 Mich 456, we quoted with approval from *Robards* v. *P. Bannon Sewer Pipe Company,* 130 Ky 380 (113 SW 429, 18 LRA NS 923, 132 Am St Rep 394):

"The master who puts the servant in the place of trust or responsibility, or commits to him the management of his business or the care of his property,

is justly held responsible when the servant, through lack of judgment or discretion, or from infirmity of temper, or under the influence of passion aroused by the circumstances and the occasion, goes beyond the strict line of his duty or authority, and inflicts an unjustifiable injury upon another."

It was further said in this connection that:

"Furthermore, the law, under such circumstances, will not undertake to make any nice distinctions fixing with precision the line that separates the act of the servant from the act of the individual. When there is doubt, it will be resolved against the master, upon the ground that he set in motion the servant who committed the wrong."

The difficulty begins when an attempt is made to apply the rule to the facts of the case. Miner testified that plaintiff said something to him after he had refused him another drink that made him angry; that he thought he should get him off the premises; that he didn't like what plaintiff said, so he hit him for the purpose of subduing him. He testified:

"That is the reason I struck him, to subdue him and put him out. I didn't put him out. Someone prevailed upon me to leave him alone. The reason I struck him was to put him out, not because I was angry. That is on my instructions from Mr. Napuche."

The trial court in denying the motion for a directed verdict stated:

"As far as the plaintiff is concerned, I think that the assault was unprovoked, but from the testimony in the case it shows that he was in furtherance of his master's business. He was peeved because he had been served drinks there when he, the bartender, thought he shouldn't have been, and he goes around from behind the bar for the purpose of put-

ting him out, for the purpose of doing something in furtherance of the master's business. 　*　*　*

"This case is where the employee comes around, under the testimony, from behind the bar for the purpose of putting this man out, because he was a nuisance and because he had become peeved because he had been served drinks when he didn't think he should have been; as the bartender said, served by the owner, and the owner, of course, may deny that, but it doesn't change the facts in the case, that he came around there in the course of his employment solely for the master's business, nothing else.

"The testimony is very clear that he came around there to put that man out, and he even said he was going to put him to sleep so he could put him out easier. Everything he did, everything that that bartender did, from the minute he left his post behind the bar until this thing happened, under this testimony, not just of the bartender, but under the testimony of the plaintiff, this other witness who was in the bar, and the bartender, the testimony is clear in this case, the record, I mean, is clear, that what he did, he was doing in furtherance of his master's business."

In our opinion there is competent evidence to support the finding of facts of the trial court that the actions of Miner were in furtherance of his master's business, and under the rule heretofore announced we do not reverse. The fact that Miner used more force than was necessary does not change the rule of liability of the master. The judgment is affirmed, with costs.

NORTH, C. J., and DETHMERS, BUTZEL, CARR, BUSH-NELL, BOYLES, and REID, JJ., concurred.