The KROGER COMPANY, Appellant,

v.

Ralph ANDREWS, Appellee.

No. 12882.

United States Court of Appeals
Sixth Circuit.

Feb. 16, 1957.

John P. O'Hara, Jr., Detroit, Mich., for appellant.

Peter F. Cicinelli, Saginaw, Mich., for appellee.

Before MARTIN, MILLER and STEWART, Circuit Judges.

PER CURIAM.

This appeal from a judgment on the verdict of a jury awarding appellee damages in the amount of $5,000 for assault and battery has been heard and considered on the briefs and arguments of attorneys and on the record in the case.

The case has presented an interesting and somewhat close question under the applicable law—that of the State of Michigan—as to whether the manager of appellant's store was or was not acting within the scope of his authority when he assaulted the plaintiff-appellee, and whether or not the district court should have directed a verdict for the appellant (defendant in the trial court).

While the early Michigan cases, which have not yet expressly been overruled, would present grave doubt as to whether the motion for directed verdict should have been granted, Ducre v. Sparrow-Kroll Lumber Co., 1911, 168 Mich. 49, 133 N.W. 938, 47 L.R.A.,N.S., 959; Martin v. Jones, 1942, 302 Mich. 355, 4 N.W.2d 686; Vinson v. Thomas, 1947, 318 Mich. 175, 27 N.W.2d 523, a more recent case decided by the Supreme Court of Michigan, Stewart v. Napuche, 1952, 334 Mich. 76, 53 N.W.2d 676, supports the action of the district judge in declining to direct a verdict for the defendant. In that case, it was held that a master who puts his servant in a position of trust or responsibility, or commits to him the management of his business or the care of his business, is justly held responsible when the servant, through lack of judgment or discretion or when angered or emotionally aroused by the circumstances and occasion, goes beyond the strict line of his duty or authority and inflicts unjustifiable injury upon another.

The judgment of the district court is affirmed.