CLARK v TEXACO, INC.

1. Judgment—Summary Judgment—Principal and Agent—
Agency by Estoppel.

Summary judgment was erroneously granted a defendant gaso-
line service station owner where the plaintiff customer was
bitten by the station operator's dog, the plaintiff contended in
her complaint and at the hearing in opposition to the motion
that the owner, a major oil company, was more than merely
passively involved with the dealer's business, and the plaintiff
could possibly be able to prove at a trial that the involvement
of the oil company was so substantial as to justify application
of the doctrine of agency by estoppel.

2. Judgment—Summary Judgment—Landlord and Tenant—Busi-
ness Invitees—Landlord's Liability.

Summary judgment was erroneously granted a defendant oil
company where the plaintiff, a customer at a gasoline service
station, could conceivably establish her contentions that the oil
company, as a landlord, was so involved with the solicitation of
business invitees to the leased premises that it became liable to
those invitees who responded to its efforts.

Appeal from Washtenaw, Patrick J. Conlin, J.
Submitted Division 1 June 6, 1974, at Lansing.
(Docket No. 18767.) Decided August 15, 1974.

Complaint by Lynn A. Clark against Texaco,
Inc., for negligence. Summary judgment for de-
fendant. Plaintiff appeals. Reversed and remanded.

*White & Carter,* for plaintiff.

References for Points in Headnotes

[1, 2] 3 Am Jur 2d, Agency § 19.

Estoppel as ground for holding defendant liable for negligence in
conduct of business which appears to be his but which in fact
belongs to another. 122 ALR 256.

*Vandeveer, Garzia, Tonkin, Kerr & Heaphy, P. C.* (by *John J. Lynch),* for defendant.

Before: McGREGOR, P. J., and R. B. BURNS and O'HARA,* JJ.

R. B. BURNS, J. Plaintiff drove her car into a retail Texaco Service Station operated by Lawrence Risner. While there, she was bitten by Risner's German shepherd guard dog as she was showing the attendant the location of the car's trunk. The dog had a history of attacking customers, but no precautions had been taken to ensure their protection.

Plaintiff brought suit against defendant Texaco, Inc. Plaintiff alleged that Risner was a Texaco agent, that both Texaco and Risner knew or should have known of the threat that the dog was dangerous, and that they, nevertheless, failed to attempt to lessen that danger. Texaco moved for summary judgment on the grounds that plaintiff had failed to state a claim upon which relief could be granted and that there was no genuine issue as to any material fact. Plaintiff countered that the facts, as alleged, showed Texaco had breached the duty of care it owed plaintiff both as a landlord and as a principal. The trial court granted Texaco's motion, and plaintiff appeals.

We think plaintiff has stated a cognizable claim. Plaintiff may be able to prove, as she has contended both in her complaint and at the hearing in opposition to Texaco's motion, that Texaco was more than merely passively involved with its dealer's business. Once at trial, plaintiff might be able to prove that the involvement "of the man who wears the star" is so substantial as to justify the

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

application of the agency by estoppel doctrine. *Johnston v American Oil Co,* 51 Mich App 646; 215 NW2d 719 (1974); *Gizzi v Texaco, Inc,* 437 F2d 308 (CA 3, 1971); *Apple v Standard Oil, Division of American Oil Co,* 307 F Supp 107 (ND Cal, 1969).

Similarly, plaintiff could conceivably establish her contentions that Texaco, as a landlord, was so involved with the solicitation of business invitees to the leased premises that it became liable to those invitees who responded to its efforts. *Eckerle v Twenty Grand Corp,* 8 Mich App 1; 153 NW2d 369 (1967).

Reversed and remanded for proceedings consistent with this opinion. Costs to plaintiff.

All concurred.