## MARR v YOUSIF

Docket No. 96932. Submitted November 18, 1987, at Detroit. Decided March 21, 1988. Leave to appeal applied for.

Dennis C. Marr, working in the course of his employment, was delivering merchandise to the Spot Lite Market when he was robbed at gunpoint. Marr and his wife, Cheryl E. Marr, brought an action in the Wayne Circuit Court against Salim Yousif and others, owners of the Spot Lite Market, alleging that defendants had a duty to use ordinary care to keep the premises reasonably safe. The court, James N. Garber, J., granted summary disposition for defendants, holding that defendants owed no duty to Marr as a matter of law. Plaintiffs appealed.

The Court of Appeals *held:*

1. The existence of a duty is a question of law for the court.

2. A business invitee alleging a cause of action against the invitor for damages incurred as a result of a criminal· act by a third party must allege specifically the duty the invitor had to prevent the crime. A general allegation of duty to maintain the premises in a safe condition is insufficient.

Affirmed.

1. NEGLIGENCE — DUTY — BUSINESS INVITEES.

The general rule in Michigan regarding the duty of a business establishment to its invitees is that when it invites others onto its premises it must exercise ordinary care and prudence to keep the premises reasonably safe.

2. NEGLIGENCE — DUTY.

Whether the defendant in a negligence action owed an actionable duty to the plaintiff is a question of law which a court decides

REFERENCES

Am Jur 2d, Negligence §§ 6, 36, 41, 63, 65, 206-208; Occupations, Trades, and Professions § 70.

Liability of owner or operator of premises for injury to person coming to premises in course of delivery or pickup of merchandise or similar products. 32 ALR3d 9.

Comment Note.—Private person's duty and liability for failure to protect another against criminal attack by third person. 10 ALR3d 619.

after assessing the competing considerations of policy for and against recognizing the asserted duty.

3. NEGLIGENCE — DUTY — BUSINESS INVITEES — ASSAULTS — PLEADING.

A business invitee alleging a cause of action against the invitor for damages incurred as a result of a criminal act by a third party must allege specifically the duty the invitor had to prevent the crime; a general allegation of duty to maintain the premises in a safe condition is insufficient.

4. TORTS — COMMERCIAL BUSINESSES — SECURITY GUARDS — PARKING LOTS.

Storeowners are not under an affirmative duty to place security guards on the premises or to fence in their parking lots or provide impregnable passageways for delivery people.

*Benner & Bilicki* (by *Mark E. Boegehold*), for plaintiff.

*Vandeveer, Garzia, Tonkin, Kerr, Heaphy, Moore, Sills & Poling, P.C.* (by *Robert D. Brignall*), for defendants.

Before: D. F. WALSH, P.J., and SHEPHERD and A. T. DAVIS, JR.,* JJ.

SHEPHERD, J. Plaintiffs filed a complaint arising out of a robbery of Dennis Marr (hereinafter plaintiff) by two unidentified persons while plaintiff was in the course of delivering merchandise to defendants' store. Defendants were granted summary disposition and plaintiff appeals.

On March 27, 1981, at approximately 2:30 P.M., plaintiff was delivering merchandise in the course of his employment to defendant Spot Lite Market located at 5555 Tireman in the City of Detroit. Plaintiff drove a truck with a cargo box accessible not from the truck cab but by doors in the rear of the truck which opened out. The store is set back

---

* Circuit judge, sitting on the Court of Appeals by assignment.

from the road with parking between the road and the store. In the front of the building were two doors, one for customers on the right and one leading directly into the stockroom on the left.

Plaintiff asked to use the left door to deliver his goods out of concern for his safety, but the store manager did not permit him to use that door. Large poles surrounding the entrance to the right hand door (apparently to prevent customers from taking shopping carts to the parking lot) prevented plaintiff from making his delivery in one load and required him to make three trips. On his third trip to the vehicle he was robbed at gunpoint in the cargo area of the truck by two men.

On July 15, 1986, defendants filed a motion for summary disposition on the ground that plaintiffs had failed to state a claim on which relief could be granted because defendants owed no duty to protect plaintiff from this robbery. MCR 2.116(C)(8). On July 28, 1986, plaintiffs filed an answer to defendants' motion and also filed their own cross-motion for summary disposition on the ground that, except as to damages, there was no genuine issue of material fact. MCR 2.116(C)(10). At the close of oral argument on the cross-motion and at the close of oral argument following plaintiffs' motion for rehearing, the trial court concluded that defendants owed no duty to plaintiff as a matter of law. In its November 4, 1986, written order the court concluded that "there exists no genuine issue of any material fact as those facts relate to the issue of duty raised and alleged." We affirm the trial court's ruling and conclude that summary disposition was proper under either MCR 2.116(C)(8) or (C)(10).

A motion for summary disposition for failure to state a claim upon which relief can be granted

challenges the legal sufficiency of a plaintiff's claim and should be considered by an examination of the pleadings alone. *Harris v Detroit,* 160 Mich App 223, 226; 408 NW2d 82 (1987). Such a motion accepts as true all factual allegations well pled by the plaintiff. *McNeal v Henry,* 82 Mich App 88, 89; 266 NW2d 469 (1978).

The general rule is that a business invitor owes a duty to its customers to maintain its premises in a reasonably safe condition and to exercise ordinary care and prudence to keep the premises reasonably safe. *Dumka v Quaderer,* 151 Mich App 68, 73; 390 NW2d 200 (1986), lv den 426 Mich 861 (1986). However, merely identifying the person injured as a business invitee does not mean that a duty is owed in all situations and circumstances. In a negligence action, the question of whether a duty exists is one of law for the court's resolution. *Moning v Alfono,* 400 Mich 425, 436-437; 254 NW2d 759 (1977), reh den 401 Mich 951 (1977). Duty is essentially a question of whether the law will impose a legal obligation on one party for the benefit of another. *Moning,* 437. While foreseeability of the harm is an important consideration in determining whether a duty exists, courts must also assess the competing public policy considerations for and against recognizing the asserted duty in any individual case. *Friedman v Dozorc,* 412 Mich 1, 22; 312 NW2d 585 (1981); *Williams v Cunningham Drug Stores, Inc,* 429 Mich 495; 418 NW2d 381 (1988). Where a court determines that no duty exists, summary disposition for failure to state a claim is an appropriate remedy. See, e.g., *McNeal, supra.*

In *Williams,* plaintiff, a customer in defendant's store, was shot during a robbery attempt. The trial court directed a verdict in favor of defendant, holding that defendant had no duty as a matter of

law. The Supreme Court ultimately affirmed. The *Williams* Court reasoned:

> In deciding this question, we note that the court and jury perform different functions in a negligence case. Among other things, the court decides the questions of duty and the general standard of care, and the jury determines what constitutes reasonable care under the circumstances. However, in cases in which overriding public policy concerns arise, the court determines what constitutes reasonable care. See *Moning v Alfono,* 400 Mich 425, 438; 254 NW2d 759 (1977), reh den 401 Mich 951 (1977). Such public policy concerns exist in the present case, and therefore the question whether defendant's conduct constituted reasonable care is one the court should determine as a matter of law.
>
> We agree with the Court of Appeals that a merchant's duty of reasonable care does not include providing armed, visible security guards to deter criminal acts of third parties. We decline to extend defendant's duty that far in light of the degree of control in a merchant's relationship with invitees, the nature of the harm involved, and the public interest in imposing such a duty. [*Williams,* 500-501.]

The pertinent facts alleged in plaintiffs' complaint are that there had been a number of crimes, such as assaults and unarmed and armed robberies, at defendants' premises and that on March 27, 1981, plaintiff was delivering merchandise in the course of his employment at defendants' market and was assaulted and robbed by two unidentified persons. Plaintiffs' allegation of duty is general in nature. Plaintiffs alleged that defendants "owed plaintiff the duty to use ordinary care to have its common areas and premises in a reasonably safe condition for use in a manner consistent with the purpose of the invitation; not to lead the invitee

into a dangerous trap, but instead to give adequate protection and/or timely notice and warning of latent or concealed perils . . . ." We hold that the trial court was justified in determining as a matter of law that no duty arose on the part of defendants and consequently that granting summary judgment was appropriate. See *McNeal, supra.* Plaintiffs' unspecific factual allegations essentially suggest a per se rule that a business invitor owes a duty to protect business invitees from third-party criminal assaults. This is not the law in Michigan; commercial businesses are not insurers for their invitees. *Jones v Williams,* 160 Mich App 681; 408 NW2d 426 (1987); *Pagano v Mesirow,* 147 Mich App 51; 383 NW2d 103 (1985), lv den 424 Mich 895 (1986); *McNeal, supra.* General allegations of duty to maintain premises in a safe condition, such as plaintiffs have made in this case, are insufficient. The cases where such general allegations are sufficient relate to situations where the building itself was defective and the condition of the building caused the injury. Where a third party caused the injury by committing a criminal act, we believe plaintiffs are required to specifically allege what duty defendant had to prevent the crime. Otherwise we would come dangerously close to imposing strict liability against business invitors for crimes committed by third parties against invitees.

In their cross-motion for summary disposition plaintiffs argued that "it would have been simple to avoid this situation" if: (1) a guard was on the premises; (2) there was a fence around the parking area; (3) the clerk had not refused to allow plaintiff to use the left hand door into the stock room; and (4) defendants did not have poles around the right front door requiring plaintiff to make three trips to the truck. Even if we assume that plaintiff had alleged a duty on the part of defendant as to

the above points we would still find summary disposition under MCR 2.116(C)(8) proper and conclude that defendants did not owe plaintiff a duty on these facts.

Michigan appellate courts have previously held that commercial enterprises are under no duty to provide armed and uniformed security guards to deter and intercede in armed robberies. *Williams, supra;* see also *Pagano.* We can find no cases which would affirmatively require the placement of security guards in commercial businesses. In fact both the Supreme Court and this Court have recently come to the opposite conclusion. *Williams, supra; Jones,* 686. Furthermore, we will not require storeowners, as plaintiffs apparently invite us to do, to fence up their store parking lots and provide impregnable passageways for delivery people. Plaintiff would have us create a duty on the part of storeowners to turn their stores into fortresses. Every time a crime occurred on a merchant's premises a plaintiff would have to do no more than allege a measure that a defendant might have taken and the jury would then be allowed to speculate whether the alleged measure might have inhibited the criminal. Since such allegations can be made in every case we would be imposing strict liability in the guise of negligence.

Given our present holding that defendants owed plaintiff no duty, even assuming as true the facts as plaintiffs have presented them, summary disposition was also proper under MCR 2.116(C)(10), no genuine issue of material fact. On appeal defendants virtually concede the facts as set forth by plaintiffs. Plaintiffs have set forth no facts which imply a recognizable duty on defendants' part. We therefore affirm the trial court's ruling.

Affirmed.