LEITCH v SWITCHENKO

Docket No. 94942. Submitted October 21, 1987, at Detroit. Decided July 6, 1988.

Debra Switchenko, an employee of Burroughs Corporation, was negotiating the purchase of a used car for her personal use with Ronald Leitch, a salesman for Blackwell Ford. According to Switchenko, Leitch became rude and intimidating which embarrassed and angered her. She left the dealership, returned to her office, and wrote a letter on Burroughs Corporation stationery to the president of Blackwell Ford. Leitch was fired the day the letter arrived. Leitch and his wife, Alvera Leitch, filed suit against Switchenko and Burroughs Corporation in Wayne Circuit Court alleging inter alia that Burroughs was liable, on a respondeat superior basis, for libel, slander, and interference with the employment contract between Ronald Leitch and Blackwell Ford and that Burroughs was negligent in hiring Switchenko. Burroughs moved for summary disposition of the claims against it. The court, Marianne Battani, J., found that Switchenko had been acting solely in her individual capacity and not as either an actual or apparent agent of Burroughs, that Burroughs therefore was not liable for the libel, slander, or contract interference allegedly committed by Switchenko, and that there were no facts to support the claim that Burroughs had been negligent in hiring Switchenko and granted summary disposition in favor of Burroughs. Plaintiffs appealed.

The Court of Appeals *held:*

1. Plaintiffs abandoned any claim that summary disposition as to the negligent employment issue was improper.

2. An employer may be vicariously liable for the intentional torts of an employee if the tort is committed in the course and within the scope of the employee's employment, but not where the employee does the act while engaged in the employer's work, but outside of his authority. Whether the employee was

REFERENCES

Am Jur 2d, Master and Servant §§ 404 *et seq.,* 426 *et seq.*

Doctrine of apparent authority as applicable where relationship is that of master and servant. 2 ALR3d 406.

acting within the scope or apparent scope of employment is generally a question for the trier of fact; however summary disposition is appropriate where it is apparent that the employee is acting to accomplish a purpose of his own. The critical factors are the employer's conduct and the third party's reasonable belief that the employee's actions were taken on behalf of the employer. In this case it was apparent that Switchenko was acting to accomplish a purpose of her own, and there was no factual support for plaintiffs' claim that Switchenko was acting within the scope of her employment. Summary disposition in favor of Burroughs was properly granted.

Affirmed.

1. MASTER AND SERVANT — INTENTIONAL TORTS — RESPONDEAT SUPERIOR.

An employer may be vicariously liable for the intentional tort of an employee if the tort is committed in the course and within the scope of the employee's employment, but not where the employee does the act while engaged in the employer's work, but outside of his authority.

2. MASTER AND SERVANT — RESPONDEAT SUPERIOR.

An employer's vicarious liability for its employee's actions under the doctrine of respondeat superior requires a finding that the employee was acting within the scope or apparent scope of his employment.

3. MASTER AND SERVANT — RESPONDEAT SUPERIOR — SCOPE OF EMPLOYMENT — SUMMARY DISPOSITION.

A determination of whether an employee is acting within the scope of his employment, for purposes of ascribing liability on his employer under the doctrine of respondeat superior, is generally for the trier of fact to make; however, summary disposition is appropriate where it is clear that the employee was acting to accomplish some purpose of his own.

4. MASTER AND SERVANT — RESPONDEAT SUPERIOR — APPARENT SCOPE OF EMPLOYMENT.

The concept of apparent scope of employment for purposes of the doctrine of respondeat superior is based upon conduct of the employer which leads a third party to reasonably believe that the employee's actions were taken on behalf of the employer; the critical factors are the employer's conduct and the third party's reasonable belief.

*Lakin, Worsham & Victor, P.C.* (by *Larry A. Smith*), for plaintiff.

*Gofrank & Kelman* (by *Thomas J. Killeen, Jr.*), for defendant.

Before: D. F. WALSH, P.J., and WEAVER and M. WARSHAWSKY,* JJ.

PER CURIAM. Plaintiffs appeal from an order issued by the Wayne Circuit Court granting summary disposition to defendant Burroughs Corporation.

Defendant Debra Switchenko, who was employed by Burroughs, was shopping for a used car in September, 1984, for her personal use. After finding a car she liked at Blackwell Ford, Ms. Switchenko began to negotiate for its purchase with plaintiff Ronald Leitch, a used car salesman. On October 2, 1984, Ms. Switchenko returned to the dealership to buy the car and made Leitch an offer for the car that was about $300 to $400 lower than Leitch's previous offer. Thereupon a ten- to fifteen-minute exchange took place between Switchenko and Leitch which Switchenko later characterized as rude, embarrassing, intimidating, and angry. Switchenko left the lot, returned to her office at Burroughs, and wrote a letter on Burroughs' stationery to the president of Blackwell Ford that became the basis of this action. Ronald Leitch was fired the day the letter arrived.

Plaintiffs sued Switchenko and Burroughs. In the first three counts of the complaint, plaintiffs asserted that Burroughs was liable, on a respondeat superior basis, for libel, slander, and interference with the employment contract between Ronald Leitch and his employer. In Count IV of the complaint, Burroughs was charged with negligence in hiring Ms. Switchenko. Burroughs moved for summary disposition of the claims against it. The

* Circuit judge, sitting on the Court of Appeals by assignment.

lower court concluded that Ms. Switchenko had been acting solely in her individual capacity and not as either an actual or apparent agent of Burroughs. It held that Burroughs was not, therefore, liable for the libel, slander, or contract interference allegedly committed by Switchenko and granted summary disposition to Burroughs under MCR 2.116(C)(10). The court also held that there were no facts to support the claim that Burroughs had been negligent in hiring Switchenko and that summary disposition as to this count was proper under MCR 2.116(C)(8). Plaintiffs appeal from the amended final order granting judgment to Burroughs.

Plaintiffs claim on appeal that liability against Burroughs was established under the doctrine of respondeat superior and, therefore, the trial court's grant of summary disposition to Burroughs on all four counts was improper.

We initially note that plaintiffs have abandoned any claim that summary disposition on Count IV, as to negligent employment, was improper. The title of plaintiffs' sole argument on appeal concludes that the employer is liable on the basis of respondeat superior. Since Count IV was an allegation made directly against the employer, there would be no respondeat superior liability. Moreover, the only place plaintiffs' claim as to Count IV is arguably addressed is in the last paragraph of plaintiffs' brief, in a one-sentence argument with no citation to authority. A statement of position without supporting citation is insufficient to bring an issue before this Court. A party may not leave it to this Court to search for authority to sustain or reject its position. *Tringali v Lal,* 164 Mich App 299; 416 NW2d 117 (1987). This Court concludes that the issue as to summary disposition on Count IV has been waived. *City of Midland v Helger*

*Construction Co, Inc,* 157 Mich App 736, 745; 403 NW2d 218 (1987).

We now focus on plaintiffs' claim as to Counts I, II, and III of their complaint and whether summary disposition was properly granted pursuant to MCR 2.116(C)(10).

A motion for summary disposition on the ground that there is no genuine issue of material fact tests the factual support of the claim. *Slaughter v Smith,* 167 Mich App 400; 421 NW2d 702 (1988); *Hagerl v Auto Club Group Ins Co,* 157 Mich App 684, 687; 403 NW2d 197 (1987), lv den 428 Mich 900 (1987). The court must consider the affidavits and all other evidence as well as the pleadings and be satisfied that the claim cannot be supported by evidence at trial before granting summary disposition under MCR 2.116(C)(10). *Id.* The opposing party is entitled to all benefits of doubt and all reasonable inferences must be decided in that party's favor. *Id.*

As a general rule, an employer may be vicariously liable for the intentional torts of an employee "if the tort is committed in the course and within the scope of the employee's employment. An employer is not liable, however, if the employee does the act while engaged in the employer's work, but outside of his authority." *Burch v A & G Associates, Inc,* 122 Mich App 798, 804; 333 NW2d 140 (1983); *Ross v Consumers Power Co (On Rehearing),* 420 Mich 567, 624; 363 NW2d 641 (1984). Liability under this doctrine may also be based on a finding that the employee was acting within the apparent scope of his employment. *McCann v Michigan,* 398 Mich 65, 71-72; 247 NW2d 521 (1976); *Smith v Merrill Lynch Pierce Fenner & Smith,* 155 Mich App 230, 236; 399 NW2d 481 (1986). Whether the employee was acting within the scope or apparent scope of employ-

ment is generally a question for the trier of fact; however, summary disposition is appropriate "where it is apparent that the employee is acting to accomplish a purpose of his own." *Id.*

By analogy, the concept of "apparent scope of employment," like apparent authority in the agency context, is based upon conduct of the *employer* which leads a third party to reasonably believe that the employee's actions were taken on behalf of the employer. The critical factors are the employer's conduct and the third party's reasonable belief. See *Central Wholesale Co v Sefa,* 351 Mich 17, 25; 87 NW2d 94 (1957); *Michigan National Bank of Detroit v Kellam,* 107 Mich App 669, 679-680; 309 NW2d 700 (1981), lv den 413 Mich 870 (1982); 2A CJS, Agency, § 158, pp 793-795 (1972).

In this case, the relevant third party appears to be John Blackwell, president of Blackwell Ford. John Blackwell testified that he was not under the impression that the letter was written on behalf of Burroughs, nor did he or any of Ronald Leitch's supervisors believe that Switchenko was buying the car on behalf of Burroughs. Plaintiffs offered no evidence to rebut this. There was no evidence that Switchenko was acting within the actual scope of her employment or that the letter was authorized by any of Burroughs' personnel. Switchenko testified that she neither sought nor received permission from anyone at Burroughs before sending the letter.

This is a case where it is apparent that the employee was acting to accomplish a purpose of her own. *Smith v Merrill Lynch, supra* at 236. There was no factual support for plaintiffs' claim that Switchenko was acting within the scope of

her employment. The trial court properly granted summary disposition in favor of Burroughs on Counts I, II, and III pursuant to MCR 2.116(C)(10).

Affirmed.