MILO v GUARDIAN GUARD SERVICES, INC

Docket No. 99473. Submitted October 13, 1988, at Detroit. Decided December 12, 1988. Leave to appeal applied for.

Willie T. Milo was shot and killed by an armed robber while he was helping an employee of a Lawson Company store close the store's front gate. The decedent was waiting to leave the store with another store employee. An unarmed guard employed by Guardian Guard Services, Inc., which was under contract with Lawson to provide security at the store, did not intercede in the armed robbery. Huelean Milo, as personal representative of the decedent's estate, brought a wrongful death action in Wayne Circuit Court against Guardian and Lawson. Plaintiff alleged in part that defendants owed a duty "to discourage and deter third persons from attempting to commit armed robberies and other crimes upon the premises and from harming invitees, and further to intercede on behalf of any invitees in the event that any such crime did occur upon the premises." The trial court, John H. Hausner, J., granted summary disposition in defendants' favor, ruling that plaintiff had failed to state a claim on which relief can be granted. Plaintiff appealed.

The Court of Appeals *held:*

As a matter of law, the duty of reasonable care a merchant owes invitees does not extend to providing armed, visible security guards to protect customers from the criminal acts of third parties. The merchant is not an insurer of the safety of invitees, and, for reasons of public policy, does not have the responsibility for providing police protection on business premises.

Affirmed.

NEGLIGENCE — BUSINESS INVITEES — DUTY OF REASONABLE CARE — SECURITY GUARDS.

As a matter of law, the duty of reasonable care a merchant owes invitees does not extend to providing armed, visible security

REFERENCES

Am Jur 2d, Premises Liability § 200.

Liability of owner or operator of shopping center, or business housed therein, for injury to patron on premises from criminal assault by third party. 93 ALR3d 999.

guards to protect customers from the criminal acts of third parties; the merchant is not an insurer of the safety of invitees, and, for reasons of public policy, does not have the responsibility for providing police protection on business premises.

*Kenneth J. Kurncz,* for plaintiff.

*Hayduk, Dawson, Andrews & Hypnar* (by *Mark S. Hayduk* and *Leo D. Neville*), for Guardian Guard Services, Inc.

*Bergesen, Freeman & McNeill* (by *James E. Bergesen, Michael L. Freeman* and *Douglas E. Decker*), for The Lawson Company.

Before: HOLBROOK, JR., P.J., and SAWYER and J. M. BATZER,* JJ.

PER CURIAM. This appeal arises from the fatal shooting of decedent on June 28, 1984, at about 2:00 A.M. in front of defendant Lawson Company's store located on West Seven Mile Road in Detroit. Decedent, who was apparently the boyfriend of one of defendant Lawson's employees, was shot and killed as he helped another Lawson employee shut the store's front gate at closing time. At the time of the shooting, a security guard employed by defendant Guardian Guard Services, Inc., was two to fifteen feet away. The guard was unarmed, as provided by the contract between Lawson and Guardian Guard, and did not intercede when a man rounded the corner carrying a rifle and demanded the store's money bags. After a Lawson employee replied that there were no money bags, the gunman opened fire and decedent was fatally injured.

Plaintiff commenced a wrongful death action against defendants. Paragraphs 9 and 11 of the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

complaint allege that both defendants owed a duty "to use due care and caution under the circumstances to protect the . . . safety . . . of [business] invitees upon its premises by taking reasonable precautions under the circumstances *to discourage and deter third persons from attempting to commit armed robberies and other crimes upon the premises and from harming invitees, and further to intercede on behalf of any invitees in the event that any such crime did occur upon the premises.*" (Emphasis added.) Following this recital of alleged duties as against both defendants, paragraphs 10 and 12 list seven ways in which each defendant was alleged to have breached the duties quoted above.

The trial court granted defendants summary disposition based on this Court's decision in *Williams v Cunningham Drug Stores, Inc,* 146 Mich App 23; 379 NW2d 458 (1985), lv gtd 425 Mich 871 (1986). Plaintiff appeals as of right from the trial court's grant of summary disposition to defendants and its order denying rehearing.

In *Williams,* this Court held that as a matter of law and public policy a retail store's duty to exercise reasonable care for the safety of its patrons does not extend to deterring or interceding in robberies by providing armed and uniformed security guards, i.e., providing police protection within the store. *Id.,* p 26.

After the trial court's decision in this case, our Supreme Court affirmed *Williams* in a six to one decision (Justice ARCHER concurring in the result), 429 Mich 495; 418 NW2d 381 (1988).

In affirming, our Supreme Court noted that as a general rule there is no duty that obligates one person to aid or protect another absent the existence of a special relationship between them. *Id.,* p 499, citing 2 Restatement Torts 2d, § 314A, p 118.

The *Williams* Court agreed with this Court that a merchant's duty of reasonable care does not include providing armed, visible security guards to deter the criminal acts of third parties, and that the duty to provide police protection is vested in the government by constitution and statute. *Id.,* p 501.

Plaintiff's claim that defendants owed the duty to deter and intercede in the criminal acts of another is tantamount to a claim that defendants had a duty to provide police protection against the criminal acts of others, which *Williams* expressly disapproved. In *Marr v Yousif,* 167 Mich App 358, 364; 422 NW2d 4 (1988), this Court followed *Williams* in holding that commercial enterprises are under no duty to provide armed and uniformed security guards to deter and intercede in armed robberies. The *Marr* Court noted that to hold otherwise would be to impose strict liability in the guise of negligence. *Id.*

Since defendants did not owe plaintiff's decedent the duties alleged by plaintiff, the issues of breach and proximate cause are not reached, and summary disposition under MCR 2.116(C)(8) was proper. Therefore, we do not reach plaintiff's remaining claims of error. *Butrick v Synder,* 236 Mich 300, 306; 210 NW 311 (1926); *Schenk v Mercury Marine Division, Lowe Industries,* 155 Mich App 20, 24-25; 399 NW2d 428 (1986).

Affirmed.