GREEN v SHELL OIL COMPANY

Docket No. 100880. Submitted August 1, 1989, at Lansing. Decided December 18, 1989. Leave to appeal applied for.

Dennis Green brought an action in district court against Shell Oil Company, Wayne Lanford and others, alleging that he was injured as a result of an assault and battery committed by an off-duty employee of Lanford, the owner and operator of a Shell service station, and an unidentified on-duty employee on the premises of the service station. In addition to the assault and battery, the complaint alleged vicarious liability against Lanford and Shell and breach of duty to provide a safe premises for business invitees. For various reasons the others were dismissed or were settled with. Shell and Lanford moved for summary disposition. Prior to entry of judgment granting defendants' motion, plaintiff moved to amend his pleadings to allege that the on-duty employee was negligent in failing to prevent the assault or to bring it to a swifter end and to allege control over the station by Shell. The court denied that motion. Plaintiff appealed and the Oakland Circuit Court, James S. Thorburn, J., reversed the grant of summary disposition and the order denying the amendment. Defendants appealed by leave granted.

The Court of Appeals *held*:

1. The court abused its discretion in refusing to allow plaintiff to amend his pleading. A business owner has a duty to exercise reasonable care for his invitees' protection and is subject to liability for invitees' physical harm caused by the intentional acts of unruly persons while on the owner's premises where the owner is in a position to control the actions of the unruly persons or to eject them from his premises, but fails to do so. Plaintiff should be given the opportunity to prove his theories of negligence and apparent authority.

2. Summary disposition on plaintiff's vicarious liability claim was proper.

Affirmed in part, reversed in part and remanded.

REFERENCES

Am Jur 2d, Master and Servant §§ 417, 427, 428, 431, 437, 438; Negligence §§ 95, 164; Summary Judgment §§ 6, 27.

Liability of employer, other than carrier, for a personal assault upon customer, patron, or other invitee. 34 ALR2d 372.

HOOD, P.J., dissented in part. He would hold that defendants cannot be held liable for the injuries and that to so hold shifts the duty to provide police protection from the government to a commercial business. He would reverse.

1. NEGLIGENCE — OWNERS OF BUSINESSES — FAILURE TO PROTECT PATRONS — UNRULY PERSONS — LIABILITY.

A business owner has a duty to exercise reasonable care for his invitees' protection and is subject to liability for invitees' physical harm caused by the intentional acts of unruly persons while on the owner's premises where the owner is in a position to control the actions of the unruly persons or to eject them from his premises, but fails to do so.

2. JUDGMENTS — SUMMARY DISPOSITION.

Summary disposition for lack of a genuine issue of material fact is improper where it cannot be said with any degree of certainty that further factual development of a legally sufficient theory of recovery would be futile.

3. TORTS — VICARIOUS LIABILITY — INTENTIONAL TORTS.

An employer is liable for the intentional tort of his employee if the tort is committed in the course and within the scope of the employment but is not liable if the employee's tortious act is committed while the employee is working for the employer but the act is outside his authority.

4. MASTER AND SERVANT — RESPONDEAT SUPERIOR.

An employer's vicarious liability for its employee's actions under the doctrine of respondeat superior requires a finding that the employee was acting within the scope or apparent scope of his employment.

5. MASTER AND SERVANT — RESPONDEAT SUPERIOR — SCOPE OF EMPLOYMENT — SUMMARY DISPOSITION.

A determination of whether an employee is acting within the scope of his employment, for purposes of ascribing liability on his employer under the doctrine of respondeat superior, is generally for the trier of fact to make; however, summary disposition is appropriate where it is clear that the employee was acting to accomplish some purpose of his own.

*Karbel, Brunkoff, Rothstein, Stewart & Wallace, P.C.* (by *Jeffrey T. Stewart*), for plaintiff.

*Garan, Lucow, Miller, Seward, Cooper & Becker,*

P.C. (by *Milton Lucow* and *Rosalind Rochkind*), for Shell Oil Company and Wayne Lanford.

Before: HOOD, P.J., and CAVANAGH and J. W. FITZGERALD,* JJ.

J. W. FITZGERALD, J. Defendants appeal by leave granted from an order of the Oakland Circuit Court reversing a grant of summary disposition in their favor by the district court. We affirm in part, reverse in part and remand.

At approximately 6:00 P.M. on December 21, 1981, plaintiff drove into a Shell service station owned and operated by defendant Lanford and leased from defendant Shell Oil Company. Plaintiff filled his gas tank and, as he walked from the self-service island to the station's office to pay for the gasoline, was struck by a slow-moving vehicle plaintiff alleges was driven by Monica Gottwald. Plaintiff slapped the hood of the vehicle with his hand and yelled for Gottwald to stop and to be more careful. Immediately thereafter, Leslie Salgado, an occupant of the Gottwald vehicle and employee of the station, exited from the vehicle and began striking plaintiff. An unidentified station attendant joined Salgado in his attack on plaintiff.

On January 2, 1982, plaintiff filed a complaint in Oakland Circuit Court against defendants and Salgado, as well as others no longer parties to the instant action, alleging assault and battery by Salgado and an unidentified station attendant, vicarious liability of defendants for the alleged assault and battery, and negligence by defendants in failing to provide a safe place for doing business. The case was remanded to district court after mediation.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment.

Defendants moved for and were granted summary disposition. The district court held that defendants could not be held liable for an intentional tort committed by the service station attendant. The court also held that the attendant owed no duty to stop an assault by a third party. Plaintiff's motion to amend his complaint was denied.

Plaintiff appealed both orders to circuit court. The circuit court reversed the district court's grant of summary disposition, finding that the service station attendant owed a duty to take some sort of action to mitigate or alleviate injury to plaintiff and that the attendant also owed a duty to refrain from increasing plaintiff's injuries through his participation in the battery and that such a breach of this duty could be attributable to the employer under a theory of vicarious liability. It also reversed the district court's denial of plaintiff's motion to amend.

Thereafter plaintiff amended his complaint to allege liability arising out of the attendant's failure to intervene on plaintiff's behalf.

Defendants argue that the station attendant owed no duty to intervene in the assault on plaintiff's behalf and, therefore, absent such a duty, they cannot be held liable for the injuries sustained by plaintiff. In support of their argument defendants rely on *Williams v Cunningham Drug Stores, Inc*, 429 Mich 495; 418 NW2d 381 (1988). We believe that their reliance is misplaced.

In *Williams, supra* at 497, the plaintiff shopper was shot when he inadvertently ran out of the defendant's drug store on the heels of a fleeing robber. The plaintiff alleged in his complaint that the defendant had breached its duty to exercise reasonable care for its patrons' safety by failing to provide armed, visible security guards and failing to intercede after having noticed the armed rob-

bery in progress. *Williams, supra.* Our Supreme Court declined to extend a merchant's duty that far:

> We conclude as a matter of law that the duty of reasonable care a merchant owes his invitees does not extend to providing armed, visible security guards to protect customers from the criminal acts of third parties. The merchant is not an insurer of the safety of his invitees, and for reasons of public policy he does not have the responsibility for providing police protection on his premises. [*Williams, supra* at 504.]

In reaching that conclusion, the Court considered the degree of control in a merchant's relationship with his invitees, the nature of the harm involved, and the public interest in imposing such a duty. *Williams, supra* at 501.

We do not believe that the instant case is controlled by *Williams.* Plaintiff's complaint does not allege a duty to provide armed, visible security guards, or a duty essentially to provide police protection. Instead, plaintiff alleges that defendants breached the well-recognized duty to provide a reasonably safe premises that arises from the "special relationship" that exists between the business invitor and his invitee. Nor do we believe the *Williams* rationale to be applicable in the instant case. The attack on plaintiff was not perpetrated by an unknown "third party" as in *Williams,* but by defendant Lanford's own employees. *Williams, supra* at 502, held that a merchant cannot shoulder a duty to control "the incidents of crime in the community." We believe, however, that defendant Lanford's degree of control clearly encompasses the situation presented here.

In *Mills v White Castle Systems, Inc,* 167 Mich App 202, 203-204; 421 NW2d 631 (1988), lv den 431

Mich 880 (1988), the plaintiffs and their two companions parked their vehicle in the parking lot of defendant's restaurant. As they crossed the lot and entered defendant's restaurant, they observed a group of disorderly persons loitering in the parking lot, drinking alcohol and speaking obscenities. The plaintiffs and their friends left the restaurant forty minutes later and were accosted by the unruly group. One of the plaintiffs' companions reentered defendant's restaurant and asked the manager to summon the police. The manager refused. He also refused the companion's request to use the telephone to summon the police. Instead, the companion was told to telephone the police from a public telephone located across the street from the restaurant. *Id.* at 204. A panel of this Court held that the plaintiffs' complaint had stated a cause of action because the defendant had or should have had knowledge of the unruly patrons' presence on its premises and was in the position to control the unruly patrons' actions or to eject them from its premises. *Id.* at 208.

We believe that under *Mills* defendant Lanford's employees were in a position to control the unruly situation, to eject the instigator from the premises and to refrain from increasing plaintiff's injuries. On these facts, a jury could find that defendant Lanford failed to exercise reasonable care for his invitees' protection. See *Dumka v Quaderer,* 151 Mich App 68, 73; 390 NW2d 200 (1986), lv den 426 Mich 861 (1986).

The question now becomes whether Shell Oil had apparent authority over the service station so as to make it liable for the assault on plaintiff. In *Johnston v American Oil Co,* 51 Mich App 646, 647-648; 215 NW2d 719 (1974), the plaintiff's decedent was shot during an altercation with the proprietor of a Standard service station, who re-

fused to serve him and his companions. The trial court granted defendant American Oil Company's summary judgment motion based on the proprietor's status as an independent contractor. *Id.* at 648. The plaintiff had pointed to the service station's use of American Oil's trademark and its sale of supplies and products obtained from American Oil. *Id.* at 649. On appeal, the panel concluded:

> American Oil's national advertising campaign promoting the Standard Oil name and products, including the slogans "As you travel ask us" and "You expect more from Standard and you get it", would seem to raise a sufficient question of fact as to the existence of agency by estoppel or by apparent authority to defeat the granting of summary judgment.
>
> * * *
>
> We believe the trial court herein likewise erred in granting the motion for summary judgment. The question, of course, is not whether Murphy is, in fact, an agent of American Oil, the question is whether plaintiff has raised a material issue of fact that requires further proofs before the finding of fact. Here plaintiff has carried that burden. [*Id.* at 649-650.]

See also *Clark v Texaco, Inc,* 55 Mich App 100, 101-102; 222 NW2d 52 (1974); contra *Fillare v Union Oil Co of California,* 143 Mich App 520; 372 NW2d 606 (1985), further consideration declined 422 Mich 1238 (1985).

In his affidavit, plaintiff stated:

> I always assumed that a Shell gas station was operated by Shell Oil. I cannot state whether I ever actually considered whether the operators of gas stations have an ownership interest in the business or not, but it was my belief at the time of the assault upon me, and prior, that Shell Oil

either owned the facilities and operated them directly, or exercised active control over the operations of the gas station so as to ensure uniform standards of quality, reliability and conduct of the employees at the stations.

According to defendants, Shell Oil exercised no control over the hiring, firing and supervision of the service station employees and had no authority over the supervision, management and control of the station. In addition, defendant Lanford was not required to purchase any parts from Shell Oil. As defendants state on appeal, "the most that can be said is that '[Wayne Lanford] displayed [Shell's] brand signs, that he honored [Shell's] credit cards, [and that Shell's] agents from time to time made suggestions as to operation of the station.' "

In light of the foregoing, we cannot say with any degree of certainty that further factual development of plaintiff's theory of apparent authority would be futile. Accordingly, we believe that plaintiff should be given the opportunity to show that Shell Oil had apparent authority over defendant Lanford's employees.

Defendants also argue that they cannot be held vicariously liable for the attendant's participation in the assault. We agree.

An employer is liable for the intentional tort of his employee if the tort is committed in the course and within the scope of the employment. *Burch v A & G Associates, Inc,* 122 Mich App 798, 804; 333 NW2d 140 (1983). An employer is not liable if the employee's tortious act is committed while the employee is working for the employer but the act is outside his authority,

"as where he steps aside from his employment to gratify some personal animosity or to accomplish some purpose of his own." *Martin v Jones,* 302

Mich 355, 358; 4 NW2d 686 (1942), quoting *Stone v Sinclair Refining Co,* 225 Mich 344, 349; 196 NW 339 (1923). [*Id.*]

An employer's liability may also be based upon a finding that the employee acted within the scope or apparent scope of his employment. *Leitch v Switchenko,* 169 Mich App 761, 765; 426 NW2d 804 (1988). Generally, the trier of fact determines whether an employee was acting within the scope or apparent scope of his employment. *Id.* at 765-766. Summary disposition is appropriate, however, where it is apparent that the employee is acting to accomplish a purpose of his own. *Id.* at 766.

Plaintiff testified at a deposition that Salgado struck him on the left side of the head. Plaintiff fell to the ground, dazed by the blow. The next thing he remembered was being kicked, while laying on the ground, by a man in a brown uniform, allegedly the unidentified station attendant. On this testimony, we conclude that the attendant's violent conduct was engaged in for the purpose of assisting Salgado and not for any purpose in furtherance of the employer's business interests. This is not a situation where the employee was attempting to collect plaintiff's payment on behalf of his employer. See *Shandor v Lischer,* 349 Mich 556, 566; 84 NW2d 810 (1957). Nor is it a situation where the attendant's conduct can be reasonably construed as an attempt to end the altercation or eject plaintiff from the employer's establishment in order to restore order. See *Stewart v Napuche,* 334 Mich 76, 80-81; 53 NW2d 676 (1952). Accordingly, summary disposition on plaintiff's vicarious liability claim was appropriate. The attendant's action could only be construed as an attempt to accomplish his own purpose, not to further his employer's business interests.

Finally, we conclude that justice requires that plaintiff be allowed to amend his complaint. MCR 2.118(A)(2). The district court abused its discretion in denying plaintiff's motion to amend. *Gardner v Stodgel,* 175 Mich App 241, 248; 437 NW2d 276 (1989).

We affirm in part, reverse in part and remand. We do not retain jurisdiction.

CAVANAGH, J., concurred.

HOOD, P.J. *(concurring in part and dissenting in part).* I must respectfully dissent from that portion of the majority opinion which holds that the rationale of *Williams v Cunningham Drug Stores, Inc,* 429 Mich 495; 418 NW2d 381 (1988), is inapplicable to the situation described in this case.

In *Milo v Guardian Guard Services, Inc,* 176 Mich App 657, 660; 440 NW2d 5 (1988), this Court relied upon *Williams* in refusing to find that a merchant's security guard had a duty to intercede in an armed robbery. The Court explained:

> Plaintiff's claim that defendants owed the duty to deter and intercede in the criminal acts of another is tantamount to a claim that defendants had a duty to provide police protection against the criminal acts of others, which *Williams* expressly disapproved. In *Marr v Yousif,* 167 Mich App 358, 364; 422 NW2d 4 (1988), this Court followed *Williams* in holding that commercial enterprises are under no duty to provide armed and uniformed security guards to deter and intercede in armed robberies. The *Marr* Court noted that to hold otherwise would be to impose strict liability in the guise of negligence. *Id.*

In this case, by finding that the service station attendant owed a duty to intervene in the assault on plaintiff, the majority is in effect requiring him

to provide what is tantamount to police protection against the criminal acts of third parties. I do not believe that the fact that the assault was initiated by an off-duty employee of the station alters the situation. Because the duty to provide police protection is vested in the government and cannot be transferred to commercial business, I would find that the attendant owed no duty to intervene. *Williams, supra,* 429 Mich 501-502; *Milo, supra.* Absent such a duty, defendants may not be held liable for injuries sustained by plaintiff as a result of the beating.