GOLDSWORTHY v McCAUSLAND

Docket No. 117642. Submitted August 8, 1990, at Detroit. Decided
    September 24, 1990; approved for publication January 29, 1991,
    at 9:15 A.M.

   Daniel M. Goldsworthy brought an action in the Wayne Circuit
   Court against Ernest and Julia McCausland, Elba, Inc., and
   Jabar Security and Detective Agency, Inc., seeking damages
   resulting from an alleged assault and battery by a security
   guard employed by Jabar under a contract with Elba on
   property owned by the McCauslands and leased to Elba. The
   court, Helene N. White, J., granted summary disposition in
   favor of the McCauslands, finding that they were not involved
   in any way with Elba's business and had no duty to provide
   security services of their own on the leased premises. The
   plaintiff appealed.

   The Court of Appeals *held:*

   The McCauslands, as landlords, had no duty to provide
   security services of their own on the leased premises. There
   were no common areas over which the McCauslands had any
   duty to investigate possible dangerous conditions and take
   preventive measures. The McCauslands also had no duty to
   take action directly against Elba because they were not in-
   volved in Elba's business in any way which would support a
   finding of agency by estoppel or apparent authority.

   Affirmed.

LANDLORD AND TENANT — SECURITY SERVICES — TENANTS — BUSINESS
    INVITEES.

   A landlord has no duty to provide security services for leased
   premises for the benefit of business invitees of the tenant.

*Bergesen & Rowe* (by *James E. Bergesen* and
*Theodore C. Timmis*), for the plaintiff.

REFERENCES
Am Jur 2d, Premises Liability §§ 490, 521.
See the Index to Annotations under Assault and Battery; Guards
    and Watchmen; Landlord and Tenant; Premises Liability.

*Chandler, Bujold & Chandler* (by *Frank J. Bujold*), for Ernest and Julia McCausland.

Before: Reilly, P.J., and Cynar and Wahls, JJ.

Per Curiam. Plaintiff appeals as of right from an order of the circuit court granting summary disposition in favor of defendants Ernest and Julia McCausland. We affirm.

In his complaint, plaintiff alleges that on or about December 6, 1987, he was assaulted and battered by a security guard employed by defendant Jabar Security and Detective Agency, Inc., on property owned by the McCauslands and leased to defendant Elba, Inc. Defendant Elba operates a business known as Harpo's Concert Theatre on the premises, and contracted with Jabar to provide outside security for its patrons. There was no contractual relationship between the McCauslands and Jabar.

Plaintiff claims that the McCauslands knew or should have known of an ongoing pattern of violence on the leased property, but negligently failed to take any action to correct the problem. However, we agree with the trial court that on the basis of *Williams v Detroit,* 127 Mich App 464; 339 NW2d 215 (1983), the McCauslands, as landlords, had no duty to provide security services of their own on the leased premises. There are no common areas over which the McCauslands may have had a "slight" duty to investigate possible dangerous conditions and take preventive measures. See *Williams v Cunningham Drug Stores, Inc,* 429 Mich 495, 502, n 17; 418 NW2d 381 (1988) (distinguishing *Samson v Saginaw Professional Building, Inc,* 393 Mich 393; 224 NW2d 843 [1975]).

Nor do we find under these facts that the McCauslands had a duty to take action directly

against defendant Elba on the basis of *Clark v Texaco, Inc,* 55 Mich App 100; 222 NW2d 52 (1974), cited by plaintiff. The McCauslands were not involved in any way with Elba's business; consequently there is no question of fact which would give rise to a claim of agency by estoppel or apparent authority. See *Green v Shell Oil Co,* 181 Mich App 439; 450 NW2d 50 (1989).

Affirmed.