Sandra L. ALLISON, Plaintiff–
Appellant,

v.

·Everett GAY;  United States of
America, Defendants–
Appellees.

No. 02–1152.

United States Court of Appeals,
Sixth Circuit.

Oct. 30, 2002.

Before: MARTIN, Chief Circuit Judge;
NELSON, and GILMAN, Circuit Judges.

*ORDER*

Sandra L. Allison, a Michigan resident proceeding pro se, appeals the district court order dismissing her tort action construed as filed pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671–80.  This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit.  Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking $100 million in damages, Allison sued Everett Gay in the Wayne County, Michigan Circuit Court.  Allison alleged that Gay, a supervisor at the Drug Enforcement Agency (DEA), invaded her privacy, defamed her, and intentionally inflicted emotional distress on her when he

contacted Allison's personal physician and suggested to DEA management that she had a drug problem. The Attorney General removed the action to the district court and filed a motion to substitute the United States as a defendant. The district court granted the motion. The United States then moved to dismiss Allison's claims for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) and for failure to state a claim under Rule 12(b)(6). The district court granted the motion, holding that Allison had failed to exhaust her remedies under the FTCA and that her claims were preempted by the Civil Service Reform Act of 1978.

In her timely appeal, Allison argues that: (1) Gay committed torts against her outside the scope of his employment; and (2) the district court erred by dismissing the case.

This court reviews de novo a determination that the United States may be substituted as a party because the defendant's conduct was within the scope of his employment. *Coleman v. United States*, 91 F.3d 820, 823 (6th Cir.1996). Upon review, we conclude that the district court properly substituted the United States as a party for Gay. Allison began working for the DEA in November 1992, and was promoted to the position of administrative technician in 1997. In September 1998, she was transferred to an area under Gay's supervision. Allison alleged that in April 1999 Gay contacted her physician because he believed she had taken an extraordinary number of days off due to illness. He also allegedly suggested to DEA management that Allison had a drug problem. The United States Attorney certified that Gay was acting within the scope of his employment in his dealings with Allison. Allison maintained that Gay acted outside the scope of his employment because he acted contrary to DEA policy when he contacted

her physician and speculated that she had a drug problem.

■ Allison did not overcome the government's prima facie evidence that Gay was acting within the scope of his employment. *Coleman*, 91 F.3d at 823. Whether a defendant acted within the scope of his employment is a matter of state law. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1143 (6th Cir.1996). Under Michigan law, an employee is acting within the scope of his employment unless he "steps aside from his employment to gratify some personal animosity or to accomplish some purpose of his own." *Green v. Shell Oil Co.*, 181 Mich.App. 439, 450 N.W.2d 50, 53 (1989) (quoting *Martin v. Jones*, 302 Mich. 355, 4 N.W.2d 686, 687 (1942)). The question is whether the employee "could in some way have been held to have been promoting his master's business." *Bryant v. Brannen*, 180 Mich.App. 87, 446 N.W.2d 847, 853 (1989). Moreover, "[a]n act may be within the scope of employment although consciously criminal or tortious." *Id.* (quoting Restatement (Second) of Agency § 231 (1958)). Gay was promoting the DEA's business to the extent that he was investigating Allison's absences. Even assuming that Gay did not follow proper procedure, Allison presented no proof beyond her conclusory allegations that Gay had some personal animosity towards her. Allison failed to carry her burden of producing evidence that the certification was incorrect. *See Hamrick v. Franklin*, 931 F.2d 1209, 1211 (7th Cir.1991). Thus, the district court properly substituted the United States as the defendant.

■ We also agree with the district court that the court lacked subject matter jurisdiction of Allison's claims because she failed to exhaust her administrative remedies under the FTCA. *See Garrett v. United States*, 640 F.2d 24, 26 (6th Cir.1981).

Allison alleged that Gay committed torts against her, but she did not first present her claims to the appropriate agency and have the claims finally denied by the agency. *See* 28 U.S.C. § 2675(a); *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993). Accordingly, the district court properly dismissed her claims for lack of subject matter jurisdiction.

Finally, having concluded that the district court's rulings on the issues of substitution and exhaustion were proper, we need not reach the district court's holding that Allison's claims were preempted by the Civil Service Reform Act.

For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.